IN RE WILL OF Z. V. WITHERINGTON.

(Filed 3 October, 1923.)

1. **Wills—Caveat—Statutes—Limitation of Actions—Married Women.**

    Since the enactment of later statutes fully emancipating a *feme covert* from her disabilities, the provisions of C. S., sec. 4158, barring the right to caveat a will after seven years, with certain exceptions, apply equally to her. C. S., sec. 454, and chapter 13, Laws of 1913.

2. **Wills—Caveat—Outstanding Life Estates—Limitation of Actions—Statutes.**

    One who is authorized by law to caveat a will is not required to await the falling-in of an outstanding life estate, and such time is not excluded from the computation of period limited in which a caveat to a will may be filed. C. S., sec. 4158.

APPEAL by caveators from *Grady, J.,* at May Term, 1923, of PITT.

The court found the following facts: On 27 June, 1893, Z. V. Witherington died, domiciled in Pitt County, N. C., and on 13 July, 1893, there was admitted to probate by the clerk of the Superior Court of Pitt a paper-writing purporting to be his last will and testament.

Zebbie Adams, the caveator, is the only child of said Witherington. She was born 2 July, 1893, six days after the death of her father, and intermarried with her co-caveator, J. Q. Adams, on 14 January, 1914. Said Zebbie Adams and her husband, on 19 January, 1920, filed a caveat to the paper-writing in controversy in the office of the clerk of the Superior Court of Pitt, and the propounders answered and pleaded the statute of limitations. Upon the foregoing facts the court was of the opinion that the caveators were barred by the statute of limitations, and granted the motion to dismiss the same, and the caveators appealed.

*F. G. James & Son and Julius Brown for caveators.*
*F. C. Harding and Skinner & Whedbee for propounders.*

CLARK, C. J. C. S., 4158, provides: "At the time of application for probate of any will, and the probate thereof in common form, or at any time within seven years thereafter, any person entitled under such will or interested in the estate may appear in person or by attorney before the clerk of the Superior Court, and enter a caveat to the probate of such will: *Provided,* that if any person entitled to file a caveat be within the age of 21 years, or a married woman, or insane, or in prison, then such person may file a caveat within three years after the removal of such disability."

Prior to the Constitution of 1868, owing to the fact that a wife could not bring any action, she was under disability all the time during which

she was under coverture. In 1899 the futility of the disability of a married woman, notwithstanding she was entitled to sue in her own name, by the suspension of the statute of limitations in her favor, became apparent, and by chapter 78, Laws 1899, all disabilities of married women, under the statute of limitations, were stricken out.

*In re Beauchamp,* 146 N. C., 254, the testator died in August, 1863, and his will was probated in September of that year. On 17 September, 1903, one of the heirs of Beauchamp joined by her husband filed her caveat. In that case the caveator was a married woman at the time the will was probated in 1863, and was also married when the case was tried. This Court held: "While the next of kin and heirs at law have the right to require probate in solemn form, this right may be forfeited, either by acquiescence or unreasonable delay, after notice of probate." *Armstrong v. Baker,* 31 N. C., 114; *Etheridge v. Corprew,* 48 N. C., 18. In that case it was held that while the petitioner at all times had been a *feme covert* and could have brought her suit without joining her husband, still until chapter 862, Laws 1907 (C. S., 4158, *supra*) there was no statute of limitations as to the time in which a caveat must be filed, but it was settled law that the right to caveat was forfeited by unreasonable delay.

*In re Bateman's Will,* 168 N. C., 235, the Court said that prior to Rev. (1907), sec. 3135 (now C. S., 4158), at which time the seven-years limitation upon caveat was enacted, there had been no fixed period of statute of limitations, but that it had been for a long time recognized in this State that the right to caveat a will proven in common form might be lost by lapse of time. To same purport, *In re Dupree,* 163 N. C., 259.

C. S., 4158, which fixes the statute of limitations at seven years in which a will could be caveated, had a proviso that if any person entitled to file a caveat be within the age of 21 years or a married woman, such person may file a caveat within three years after the removal of disability. If this was meant as a restoration of married women to disability in this particular, it was possibly and, indeed, probably, an inadvertence; but if so, it was soon again corrected by the Martin Act in 1911, now C. S., 454, and chapter 13, Laws 1913, which gave her the fullest and most untrammeled power to bring actions even against her husband and in all cases whatever. This was upheld by this Court in *Crowell v. Crowell,* 180 N. C., 516, and in other cases since.

In no view of the matter is a married woman the defendant in this case. She is the actor, the plaintiff, and the statute of 1911, now C. S., 454 (1), provides that she may sue, and sue alone, when the action concerns her separate property. This proceeding concerns her separate property, and it is unnecessary even that her husband should have been joined.

In this case there was a disability only from 14 January to 14 July. The Martin Act having removed all disability of coverture since 1911, therefore allowing the caveator three years after attaining her majority, she should have caveated the will in July, 1917. She did not institute this proceeding until 19 January, 1920, and, as *Judge Hoke* said, *In re Johnson,* 182 N. C., 527, "C. S., 4158, operates as a complete and conclusive bar to the maintenance of this caveat, it appearing by the admitted facts that the probate in common form was had before the clerk in 1907, and since that time, the caveator being under no disability and has done nothing to challenge or in any way question the validity of the will or probate thereof until 1919."

"Coverture is not now a defense in bar of the running of the statute of limitations, since 13 February, 1899." *Carter v. Reaves,* 167 N. C., 132. As a disability it has been entirely destroyed by statute and no longer exists as a bar to any statute of limitations.

"The coverture of the plaintiff will not avail her. C. S., 408." *Butler v. Bell,* 181 N. C., 91; *Graves v. Howard,* 159 N. C., 594.

The case cited by the appellants, of *Campbell v. Crater,* 95 N. C., 156, is not applicable. That was an action in ejectment and tried in 1905, before either the act of 1907 or 1911 and 1913 completed the emancipation of married women by destroying all disability in the bringing of actions of any kind.

The other contentions of the caveator cannot be considered on a caveat. The caveator did not have to wait until the life estate fell in to file the caveat. If the caveator was bringing an action of ejectment, it might be said that the cause of action did not accrue until the death of the life tenant, but that consideration does not avail as to the right to caveat the will..

Affirmed.