S. B. ROBERTS v. UNITED STATES FIDELITY & GUARANTY COMPANY.

(Filed 19 December, 1924.)

**Husband and Wife — Negligence — Insurance—Indemnity Companies—Public Policy—Statutes.**

The Legislature has the power to declare the public policy of the State as to permitting a wife to recover against her husband for an injury received by her from his negligent acts, and where she has recovered in her action against him damages for his negligently driving an automobile while she was a passenger, the husband may maintain his action for the same injury against an indemnity company which had issued to him its policy covering the same negligent act.

STACY, J., not sitting.

APPEAL by defendant from *McElroy, J.,* and a jury, October Term, 1924, of MADISON.

*Guy V. Roberts, George M. Pritchard, and Martin, Rollins & Wright for plaintiff.*
*J. Coleman Ramsey and Harkins & Van Winkle for defendant.*

PER CURIAM. On 13 May, 1922, the defendant, through its agent, A. W. Whitehurst, at Marshall, N. C., issued the policy sued on, No. U-45356, and on 30 May, 1922, the plaintiff, while driving his car in Madison County, accompanied by his wife and her sister, Mrs. R. S. Ramsey, and McKinley Pritchard, collided with another car and his wife sustained injuries. She instituted suit against her husband, the plaintiff in this case, and recovered $2,500 damages, and the judgment was affirmed by the Supreme Court (*Roberts v. Roberts,* 185 N. C., 566).

This action is brought by plaintiff against the defendant to recover on the Liability Insurance Policy issued to plaintiff by defendant on 13 May, 1922, for one year, on his Hupmobile touring car, insuring him "Against loss or expense, arising or resulting from claims upon the assured for damages in consequence of an accident occurring within the limits of the United States and Canada during the term of this

policy, by reason of the ownership, maintenance or use (including the carrying of goods thereon and the loading and unloading thereof when commercially used) of the automobile or any of the automobiles enumerated and described herein resulting in

### INJURY TO PERSONS

Bodily injuries or death resulting at any time therefrom, suffered by any person or persons other than any employee or employees of the assured while engaged in the care, operation or maintenance of any of the assured's automobiles. The company's liability is limited to five thousand dollars ($5,000.00) to any one person. . . . "

### DEFENSE OF SUITS

"In addition to the above, the company does hereby agree:

(1) To defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, on account of damages suffered or alleged to be suffered under the circumstances hereinbefore described.

### PAYMENT OF EXPENSES

(2) To pay the expenses incurred in defending any suit described in the preceding paragraph, also the interest on any judgment within the limits of the insurance hereby granted and any costs taxed against the assured on account thereof;

### REIMBURSEMENT EXPENSES

(3) To reimburse the assured for the expense incurred in providing such immediate surgical relief as is imperative at the time of any accident covered hereunder.

### OMNIBUS COVERAGE

(4) To extend the insurance provided by this policy so as to be available, in the same manner and under the same conditions as it is available to the named assured, to any person or persons while riding in or legally operating any of the automobiles covered hereunder, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured; or, if the named assured is an individual, with the permission of an adult member of the named assured's household other than the chauffeur or a domestic servant."

While the policy was in full force the plaintiff, while driving his car, described in the policy, had a collision with another automobile on 30 May, 1922, causing serious and permanent injuries to his wife who was

McCulloch v. R. R.

a passenger in his car at the time. The plaintiff immediately reported the accident to the insurance company, but the insurance company refused to settle the claim of Mrs. Orla Roberts and she brought suit against her husband, the plaintiff, for damages, alleging that her injuries were caused by his negligent operation of the car, and recovered judgment against her husband for $2,500 damages and costs.

The defendant contended "that it is against public policy and sound morals to permit the plaintiff to recover in this case."

This Court said in *Roberts v. Roberts, supra,* at p. 569: "We have said that certain rights, duties and disabilities of husband and wife were produced by the joint operation of public policy and a common-law fiction; and as it is the prerogative of the Legislature to change or modify the common law, and to declare what acts shall be contrary to or in keeping with public policy, it is necessary to determine in what way, if any, and to what extent the relation of husband and wife has been modified in this jurisdiction by legislative enactment."

The Court held that under the legislative enactments in this State, the wife could sue the husband in tort and he was liable for his negligent act which caused his wife a personal injury.

The contract made by defendant protects the plaintiff. The defendant can change its contract in the future, if it desires to do so, so as not to cover a negligent injury to the wife. The question of public policy and sound morals must be addressed to the legislative branch of the Government.

We heard the argument of counsel for both plaintiff and defendant, read critically the record and briefs, and can find,

No error.

STACY, J., not sitting.