ANNA L. EARLE v. ROBERT EARLE AND THE GLOBE
INDEMNITY COMPANY.

(Filed 26 February, 1930.)

1. **Husband and Wife B d—A wife may maintain an action against her
husband for a negligent injury.**

    An action by the wife against her husband for a negligent injury will
    lie in the courts of this State, C. S., 454, 2513, and after summons has been
    duly served and a verified complaint filed in accordance with statute, a
    judgment by default and inquiry may be entered against the husband
    upon his failure to answer. 3 C. S., 597(a).

2. **Judgments K b—Insurer liable to person injured only upon return
of unsatisfied execution may not move to set aside judgment against
insured.**

    In order to set aside a judgment by default and inquiry on the ground
    of mistake, inadvertence, surprise or excusable neglect, C. S., 600, the mis-
    take or surprise, etc., must be on the part of the party making the motion
    to set aside, and where the judgment is obtained against an insured by
    the person negligently injured by him, and the policy of accident insurance
    expressly provides that the insurer shall not be liable to the person in-
    jured until after return of execution against the insured unsatisfied, the
    insurer may not make a motion to have the judgment against the insured
    set aside for the surprise, excusable neglect, etc., of the insurer caused
    by failure of the insured to give notice of the accident and send all proc-
    ess and pleadings to the insurer under the terms of the policy.

APPEAL by plaintiff from *Cranmer, J.,* at November Term, 1929, of
EDGECOMBE. Reversed.

The summons in the action was dated 8 July, 1929, and service was
made on defendant, Robert Earle, on the same date and on Insurance
Commissioner for The Globe Indemnity Company, 12 July, 1929. Com-
plaint was duly verified and filed before the clerk on 8 July, 1929. The
defendant Indemnity Company, by consent, was allowed until 1 Sep-
tember, 1929, to file pleadings. The time was, by consent, extended to
1 January, 1930, and on 14 October, 1929, plaintiff took a voluntary
nonsuit as to the Indemnity Company. On 9 August, 1929, and on
14 October, 1929, judgment by default and inquiry before the clerk was
rendered against defendant Robert Earle. Both judgments by default
and inquiry before the clerk ordered the causes "to be transferred to
the civil issue docket in order that the amount of damages sustained by
the plaintiff from and on account of the alleged negligence of the de-
fendant, Robert Earle, and the amount of damages which the plaintiff
claims she is entitled to recover from the defendant, Robert Earle, be
ascertained, determined and fixed by a jury." On 30 October, 1929, the
defendant Indemnity Company made a motion to set aside the default

EARLE *v.* EARLE.

and inquiry judgments rendered against Robert Earle on the ground of mistake, inadvertence, surprise or excusable neglect. On 9 November, 1929, the clerk refused the motion of the Indemnity Company, and in the judgment set forth among other things:

"That the defendant, Robert Earle, nor any one in his behalf, entered any appearance or filed any pleadings or motions within the time allowed by law.

"That the consent orders entered on 3 August, 1929, and 21 August, 1929, granting an extension of time to the defendant Globe Indemnity Company, to file answer, applied only to such pleadings as it might wish to file in its own behalf and did not contemplate or apply to any pleadings it might desire to file in behalf of its codefendant, Robert Earle.

"That the defendant, Globe Indemnity Company, purposely refused to enter any appearance or file any pleadings for and in behalf of Robert Earle within the time allowed by law.

"Therefore, it is by the court ordered and decreed, that the motion of the Globe Indemnity Company filed herein be, and the same is hereby denied, and the two judgments heretofore entered, be and the same are hereby in all respects ratified and reaffirmed."

From this judgment the Indemnity Company appealed to the Superior Court. The record discloses numerous affidavits introduced on the hearing of the motion in the Superior Court. The order setting aside the judgments of the clerk and findings of fact comprise about fifteen pages of the record.

The defendant Indemnity Company contends: "That according to the terms of the insurance or indemnity contract or agreement entered into by and between the said Robert Earle, defendant, and Globe Indemnity Company, it was expressly stipulated and agreed, among other things, (1) that upon the occurrence of any accident to which the policy applied, the said Robert Earle should give immediate written notice thereof with the fullest information obtainable to Globe Indemnity Company, at Newark, N. J., or to one of its duly authorized representatives; that the assured shall give like notice with full particulars of any claim made on account of such accident; and that if thereafter suit is brought against the assured to enforce such claim the assured shall immediately forward to the company at Newark, N. J., every summons or other process that may be served upon the assured; (2) that the said Robert Earle should not voluntarily assume any liability or incur any expense. other than for immediate surgical relief, or settle any claim, or satisfy any judgment from which an appeal may be taken, except at his own cost; and that whenever requested by the company and at the company's expense, the said Robert Earle, defendant, should aid in securing information and evidence and the attendance of witnesses, and shall fully

coöperate with the company except in a pecuniary way, in all matters which the company deems necessary in the defense of any suit or in the prosecution of any appeal." That from the report or statement filed of the accident by defendant, no liability attached to him, and furthermore the injuries to plaintiff were sustained in the State of Virginia, and a wife could not in that State maintain an action against her husband for a tort committed by him on her during coverture, and further that defendant Robert Earle had not been guilty of any negligence. "That in disregard of the terms and conditions of said policy of insurance or indemnity, the said Robert Earle, defendant, did not give to Globe Indemnity Company, or to any of its duly authorized representatives, any notice of any kind that action had been instituted against him on account of the injury sustained by the plaintiff, as set forth in his report, the only knowledge this company having had of said action being from the copy of summons and complaint sent to it by the State Insurance Commissioner of North Carolina; nor did the said Robert Earle, defendant, in compliance with the terms of said policy, ever send to the home office of said company, at Newark, N. J., the summons, complaint and other process that was served upon him, or any notice whatsoever of said suit; nor did the said Robert Earle, defendant, ever file an answer or other pleadings in this cause, or do anything which would tend to free himself and reduce the damages which might be awarded in the event the plaintiff should be entitled to recover."

The judgment rendered in the court below is as follows:

"It is therefore, by the court, in its discretion, adjudged and decreed, that the default and inquiry judgment rendered by the clerk of the Superior Court of Edgecombe County on 9 August, 1929, in favor of the plaintiff and against the defendant, Robert Earle, be, and the same is hereby set aside in full; and it is further so ordered, adjudged and decreed, that so much of the second judgment rendered by the clerk of the Superior Court of Edgecombe County on 14 October, 1929, as adjudged that 'It is, therefore, on motion of Henry C. Bourne, attorney for plaintiff, ordered, adjudged and decreed, that said plaintiff recover judgment by default and inquiry against the said defendant, Robert Earle, and this cause be and the same is hereby transferred to the trial docket of the Superior Court at term, for the purpose of ascertaining the amount of damages the said plaintiff is entitled to recover against the defendant, Robert Earle, be, and the same is hereby set aside in full. It is further ordered, adjudged and decreed that Globe Indemnity Company have until 15 January, 1930, to file answers in this cause, for and in behalf of the said Robert Earle, defendant, and for and in behalf of itself, as it may deem advisable.' "

The plaintiff excepted and assigned error to the judgment as signed and entered, as erroneous and contrary to law, and appealed to the Supreme Court.

Other necessary facts will be set forth in the opinion.

·Henry C. Bourne for plaintiff.

H. H. Philips for Globe Indemnity Company.

CLARKSON, J. In the present action defendant, Robert Earle, was duly served with summons. The complaint was properly verified and filed within the time required by the statute. The court had jurisdiction of the person and the complaint alleges actionable negligence against the defendant. It is a suit of the wife against the husband for negligent injury, but it is now well settled in this jurisdiction that such an action will lie. C. S., 454, 2513; Crowell v. Crowell, 180 N. C., 516, S. c., 181 N. C., 66; Roberts v. Roberts, 185 N. C., 566; Small v. Morrison, 185 N. C., 577; In re Will of Witherington, 186 N. C., 152; Roberts v. Guaranty Co., 188 N. C., 795; Hyatt v. McCoy, 194 N. C., 25; Etheredge v. Cochran, 196 N. C., 681.

Judgment by default and inquiry was rendered before the clerk on 9 August, 1929, and transferred to the civil issue docket to have the damage determined and fixed by a jury, and a like judgment was rendered on 14 October, 1929. No appeal was taken by defendant from these judgments. No doubt the two judgments were taken "in abundance of caution," and to comply with N. C. Code, 1927, 597(b). At least defendant did not appeal from either judgment by default and inquiry.

N. C. Code, 1927, 597(a) is as follows: "If no answer is filed, the plaintiff shall be entitled to judgment by default final or default and inquiry as authorized by sections 595, 596 and 597, and all present or future amendments of the said sections; and all judgments by default final shall be duly recorded by the clerk and be docketed and indexed in the same manner as judgments of the Superior Court and be of the same force and effect as if rendered in term and before a judge of the Superior Court; and in all cases of judgment by default and inquiry rendered by the clerk, the clerk shall docket the case in the Superior Court at term time for trial upon the issues raised before a jury, or otherwise, as provided by law, and all judgments by default and inquiry shall be of the same force and effect as if rendered in term and before a judge of the Superior Court."

A judgment by default and inquiry for the want of an answer establishes the cause of action and leaves the question of the amount of damages open to the inquiry, Junge v. MacKnight, 137 N. C., 285, 288, 49

S. E., 474; *Farmer-Cole Plumbing Co. v. Wilson Hotel Co.,* 168 N. C., 577, 84 S. E., 1008; *Armstrong v. Asbury,* 170 N. C., 160, 86 S. E., 1038; *Gillam v. Cherry,* 192 N. C., at p. 198; but the burden of proving any damages beyond such as are nominal rests upon the plaintiff. *Hill v. Hotel Co.,* 188 N. C., 586, 125 S. E., 266.

The Globe Indemnity Company had issued a policy of insurance, or indemnity, to the defendant, Robert Earle, who the Indemnity Company charged had violated his contract with the company, and had not given proper notice of the accident or of this action, or defended the suit. The Globe Indemnity Company, in its motion to set aside the judgments, "respectfully petitions and moves the court that it will, on account of mistake, inadvertence, surprise or excusable neglect, and in its discretion, relieve said The Globe Indemnity Company and Robert Earle, defendant, from two judgments rendered in favor of the plaintiff and against the defendant, Robert Earle (as hereinbefore set out), and will set aside and vacate said judgments, and will allow your petitioner to file an answer in this action for and in behalf of the said Robert Earle, defendant, and it respectfully assigns as reasons," etc.

C. S., 600, is as follows: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding. The clerk may hear and pass upon motions to set aside judgments rendered by him, whether for irregularity or under this section, and an appeal from his order on such motion shall lie to the judge at the next term, who shall hear and pass upon such motion *de novo: Provided, however,* nothing in this section shall be construed to affect the rights of innocent purchasers for value in foreclosure proceedings where personal service is obtained."

In *Foster v. Allison Corporation,* 191 N. C., at p. 173, the following is said: "It will be noted that the statute says 'through his mistake, inadvertence, surprise or excusable neglect.' We think this language 'through his' *ex vi termini* means personal knowledge, he can then apply for the relief as set forth in C. S., 600."

"If the statute gives the right to open or vacate a judgment taken against a party through 'his' mistake, no mistake made by any other person will justify this action." 34 C. J., part sec. 516, "Judgments," at p. 298, citing cases from California, Indiana, Montana, New York, and *Boyden v. Williams,* 80 N. C., 95. See *Commissioners of Chowan v. Bank,* 197 N. C., 410.

In *Small v. Morrison,* 185 N. C., at p. 579, we find: "By express stipulation, the indemnitor is not to be held liable in an action at the instance

of the injured party, unless and until 'execution against the assured is returned unsatisfied' in an action brought against him. This, in terms, is made a condition precedent to the right of the injured party to maintain an action against the indemnity company; and where the rights of the parties are fixed by contract, the law will uphold such rights." The policy in the present action has the above provision and further "no action shall lie against the company to recover upon any claim or for any loss under Insuring Agreement I (a) and I (b) until the amount of such claim or loss shall have been fixed and rendered certain either by judgment against the assured after trial of the issue or by agreement between the parties with the written consent of the company nor unless brought within two years thereafter."

The principle is thus stated in *Harrison v. Transit Co.,* 192 N. C., at p. 548: "The prevailing doctrine is that if the indemnity is clearly one against loss suffered by the assured no action can be maintained against the indemnity company until some loss or damage has been shown; but if the contract indemnifies against liability a right of action against the principal and the surety company accrues when the injury occurs." *Williams v. Motor Lines,* 195 N. C., 682.

In *Luttrell v. Hardin,* 193 N. C., at p. 269, speaking to the subject, citing numerous authorities, it is said: "It is well settled in this jurisdiction: 'That the assured . . . must actually sustain a loss before an action will lie upon the indemnity policy, as this is expressly required by the terms.' *Killian v. Hanna, ante,* p. 20. It has been repeatedly held that the fact that a defendant in an actionable negligence action carried indemnity insurance could not be shown on the trial. Such evidence is incompetent." The contract made between The Globe Indemnity Co., and defendant Robert Earle, has no ambiguity about it, but is clear, and its provisions have been construed time and time again by the Courts. It must abide the written words.

In this jurisdiction, "coverture is not now a defense in bar of the running of the statute of limitations since 13 February, 1899." *In re Will of Witherington, supra,* at p. 154.

From the view we take of this action, the question as to whether a meritorious defense is shown is not necessary to be considered. Nor do we decide as to whether appellant may assert such defense against the judgment rendered herein. For the reasons given, the judgment below is

Reversed.