A. V. SANDERS, ADMINISTRATOR OF THE ESTATE OF JAMES LEVERNE SANDERS, DECEASED, v. ALFORD CHAVIS.

(Filed 13 January, 1956.)

**1. Judgments § 27a—**

Upon motion to set aside default judgment for surprise and excusable neglect under G.S. 1-220, findings of fact as to conferences between a representative of defendant's insurer and the attorney for plaintiff have no bearing upon defendant's failure to defend the action and will be set aside, since defendant's conduct must be judged by what he did and not what a person not a party to the action did.

**2. Appeal and Error § 40d—**

A finding of fact not germane to the inquiry may be set aside.

**3. Judgments § 27a—**

Averments that defendant's car involved in the accident was covered by an assigned risk policy of insurance and that the insurer had no knowledge of the institution of the action against insured and no opportunity to defend its insured, do not tend to justify defendant's failure to defend the action or his failure to notify his insurer to do so.

**4. Same—**

Where the evidence is sufficient to support the court's finding that plaintiff administrator did nothing to hinder, delay or interfere with the defendant in the defense of the action, and that defendant's failure to defend the action or notify his insurer to do so was inexcusable, the findings support the denial of defendant's motion under G.S. 1-220 to set aside the default judgment, notwithstanding that the court's finding that the evidence of both parties tended to show that plaintiff advised defendant to contact his insurance agent was erroneous in that only plaintiff's evidence tended to support such finding.

**5. Appeal and Error § 40d—**

Findings of fact by the trial court which are supported by competent evidence are conclusive on appeal.

**6. Judgments § 27a—**

Upon motion to set aside a default judgment under G.S. 1-220, a finding upon supporting evidence that defendant's failure to defend the action was inexcusable renders the existence of a meritorious defense immaterial.

APPEAL by defendant from *Stevens, J.,* in Chambers at Lumberton, North Carolina, on 20 April, 1955.  From HOKE.

Civil action to recover for the alleged wrongful death of James Leverne Sanders.  The facts involved in this appeal are set out in the findings of the court below and are as follows:

"1. That on and prior to December 23, 1953, the defendant, Alford Chavis, was the owner of a 1947 Chevrolet 2-door Fleetmaster automobile.

"2. That on or about the 16th day of October, 1953, the Travelers Insurance and Indemnity Company, under the Motor Vehicles Safety and Financial Responsibility Act of 1947 of North Carolina (G.S. 20-224 through 20-279) issued a liability insurance policy upon an automobile owned by the defendant, Alford Chavis, and that said policy covered the automobile above mentioned.

"3. That on the 23rd day of December 1953 the above described automobile, covered by the above named insurance which was in full force and effect at that time, was in an accident, and that in the accident, James Leverne Sanders, the plaintiff's intestate, was an occupant of the said automobile and was killed in the said accident.

"4. That the plaintiff A. V. Sanders is the duly qualified Administrator of the Estate of James Leverne Sanders.

"5. That the attorney for the plaintiff A. V. Sanders, Administrator, had several conferences with an Agent of the Travelers Insurance and Indemnity Company looking toward a settlement of the death claim without the necessity of a court action, and that when it became apparent to both sides that a settlement could not be reached, the attorney for the plaintiff notified the agent of the Travelers Insurance and Indemnity Company that he would file action just as soon as the papers could be prepared, and that action was commenced in Hoke County, North Carolina, the home county of the defendant, Alford Chavis, within less than ten days from the time the attorney notified the agent of the Travelers Insurance and Indemnity Company that he would start action as soon as possible.

"6. That on the 16th day of August 1954 the plaintiff commenced action in the Superior Court of Hoke County, North Carolina, against the defendant, alleging that the defendant's negligence was the sole and proximate cause of the death of the plaintiff's intestate.

"7. That summons was issued by the Superior Court of Hoke County on the 16th day of August, 1954, and was personally served upon the defendant by the Sheriff of Hoke County on the 17th day of August 1954, and that a copy of the summons, together with a copy of the verified complaint, was left with the defendant on the 17th day of August 1954; but that the defendant never notified the insurance company that he had been sued and never turned the suit papers over to the insurance company.

"8. That the defendant, Alford Chavis, went to the plaintiff, A. V. Sanders, when the Sheriff of Hoke County served the suit papers upon him and undertook to discuss the matter with him but there is no evidence before the Court that A. V. Sanders did or said anything to the defendant, Alford Chavis, that would hinder, delay or defeat the said Alford Chavis in his defense of the said action. In fact, all the evi-

dence, both for the defendant, and for the plaintiff, shows that A. V. Sanders told him to contact his insurance agent. And the Court finds as a fact that A. V. Sanders did not hinder, delay, or interfere in any way with the defendant in the defense of said action.

"9. That J. H. Austin is the agent of the Travelers Insurance and Indemnity Company, and that J. H. Austin sold the defendant the insurance policy referred to above.

"10. That J. H. Austin lives in the Town of Raeford, Hoke County, North Carolina, and is well known to the defendant in this case.

"11. That the defendant is a person of Indian descent, and is not an educated man, but that he works regularly and is married and has a family, and is well able to look after, and does look after the ordinary business affairs of life, which includes buying and trading automobiles, and buying insurance upon said automobiles, and having it transfererd from one automobile to another, and that he is well able to, and did understand what the above entitled action meant when the papers were served upon him.

"12. That the defendant did not answer the plaintiff's complaint, or did not demur to said action within the thirty days allotted to him to file answer or other pleadings, by the General Statutes of North Carolina, and no additional time was granted him in which to file pleadings in said matter.

"13. That on the 20th day of September 1954 the plaintiff took judgment by default and inquiry before Honorable J. B. Cameron, Clerk of Superior Court of Hoke County, North Carolina.

"14. That on the 18th day of November 1954 Honorable J. B. Cameron, Clerk of Superior Court of Hoke County, signed an amendment, which was a clarifying amendment to the judgment by default and inquiry entered on the 20th day of September 1954.

"15. That at the November 1954 Term of Superior Court of Hoke County, issues were submitted in the above entitled matter to a jury duly sworn and impaneled to try the issues, and the jury answered the issues in favor of the plaintiff in the amount of $50,000.

"16. That at the November 1954 Term of Superior Court of Hoke County, Judge W. A. Leland McKeithen, Judge holding the courts of said county, signed a judgment in which the plaintiff was given judgment against the defendant in the sum of $50,000.

"17. That the defendant served notice on the plaintiff on the 10th day of March 1955, that he would make a motion before Honorable Henry L. Stevens, Jr., Judge presiding over the courts of the Ninth Judicial District, at Chambers, in the Courthouse in Lumberton, North Carolina, on the 11th day of April 1955, at 2:30 o'clock p.m., to set the judgment aside rendered in the above entitled matter at the November 1954 Term

of Superior Court of Hoke County, on the grounds of mistake, inadvertence, surprise, or excusable neglect, in accordance with G.S. 1-220.

"18. That the plaintiff has answered the defendant's motion, and has denied the material parts of said motion.

"19. That Alford Chavis, in his affidavit, says that he was not driving the automobile at the time of the wreck, but was asleep in the back seat and James Sanders was driving at the time he went to sleep, and since there is no evidence to the contrary, the Court, for the purpose of this hearing, finds that to be a fact.

"20. That both the defendant and the plaintiff have submitted affidavits before the court to substantiate their positions."

Upon the above facts, the court concluded that the neglect on the part of the defendant in failing to defend the action of the plaintiff was inexcusable, but that the defendant has a meritorious defense.  Therefore, the court denied the motion to set aside the judgment rendered in Hoke Superior Court at the November Term 1954.  From the judgment entered the defendant appeals, assigning error.

*Coble Funderburk for plaintiff, appellee.*
*McLean & Stacy for defendant, appellant.*

Denny, J.   The defendant excepts to the failure of the court below to find certain facts in accord with his prayer therefor, and also excepts to the second, third, fifth, eighth, ninth, tenth and eleventh findings of fact as set out hereinabove.  He further excepts to the first conclusion of law, the denial of the motion to set aside the judgment entered at the November Term 1954 of the Superior Court of Hoke County, and to the judgment entered pursuant to the findings of the court and its conclusion of law.

The primary question presented for determination on this appeal is simply this: Is there any competent evidence to support the court's finding that the neglect on the part of the defendant in failing to defend this action was inexcusable?

Certainly some of the findings with respect to insurance coverage on the car involved in the accident on 23 December, 1953, and certain conferences between a representative of the insurance company and the attorney for the plaintiff are not germane to the question before us. This is particularly true with respect to any conferences between an agent of the insurance company and the plaintiff's attorney.  The insurance company is not a party to this action.  Hence, finding of fact No. 5 will be set aside since it does not have any bearing on the conduct of this defendant with respect to his failure to defend the action.  The defendant's conduct must be judged by what he did and not what some-

one, not a party to the action, did. *Earle v. Earle,* 198 N.C. 411, 151 S.E. 884.

The defendant introduced in his behalf an affidavit signed by an assistant claim manager of The Travelers Indemnity Company to the effect that such company, because of the assigned risk, issued its policy of indemnity insurance covering an automobile owned by the defendant, Alford Chavis; that the automobile insured in the name of the defendant by his company was wrecked and that the affiant is advised that James Leverne Sanders was killed as a result of said wreck; that The Travelers Indemnity Company had no knowledge of the institution of this action and no opportunity to defend its insured, Alford Chavis.

Conceding all this to be true, there is nothing in this affidavit that tends to justify the defendant's failure to defend the action or to notify his insurer to do so. Neither do we construe the finding based on this affidavit to be prejudicial to the defendant.

The defendant, in support of his motion, submitted an affidavit in which, among other things, he said: "I took them (the papers) to Mr. A. V. Sanders and asked what the papers were and what to do with them. I cannot read or write. Mr. Sanders looked at the papers and said he did not know what to do with them and that probably my insurance man would be around in a day or two. I did not know the name of the insurance company or the name of the adjuster who had investigated the accident and therefore I did not know how to get in touch with the insurance company . . . I went to Fayetteville, N. C. the first Saturday after getting the papers to try and locate the adjuster but I could not remember the name."

A. V. Sanders submitted an affidavit in which he said: "That he is the Administrator of the Estate of James Leverne Sanders; that on or about the 17th day of August, 1954, after the Sheriff had served the summons and a copy of the summons, together with a copy of the complaint, upon the defendant, the defendant asked the affiant about the papers; that affiant told him that affiant was the one bringing the action, and therefore could not advise him as to what to do, but told the defendant to see his insurance agent who would advise him what to do in the matter; that the defendant, Alford Chavis, never discussed the matter with the affiant further."

A further affidavit by Alford Chavis was introduced in which he said: "That he knows J. H. Austin, agent for the Travelers Indemnity and Insurance Company (The Travelers Indemnity Company); that he purchased the insurance on the 1947 Chevrolet in which he, James Leverne Sanders, and Albert Rufus Sanders were riding at the time of the accident, from J. H. Austin; that J. H. Austin lives in Raeford, North Carolina, and that the affiant also lives in Raeford, North Caro-

lina; that the said J. H. Austin lives within two miles of the affiant, Alford Chavis' home."

Other affidavits were submitted tending to show that Alford Chavis is a man of average intelligence; has worked for the same employer for more than ten years; that he has a wife and one child; that he looks after all the regular business of his home; that he works regularly and has above average business intelligence for a man with little education; that he trades cars himself without asking the approval of anyone and makes good trades; that he buys his own insurance on cars and has sufficient intelligence and business ability to know what "to do with the papers served on him by the Sheriff of Hoke County" and what the action meant.

We concede, as contended by the defendant, that the eighth finding of fact, to the effect that "all the evidence both for the defendant and for the plaintiff shows that A. V. Sanders told him (the defendant) to contact his insurance agent," is not supported by the defendant's evidence. Nevertheless, the plaintiff's evidence was sufficient to support the finding that the plaintiff did tell the defendant to contact his insurance agent. Moreover, we think the evidence contained in the affidavits offered by the plaintiff is sufficient to sustain the finding that the plaintiff did nothing to hinder, delay, or interfere with the defendant in the defense of the action in controversy, and that the pertinent findings bearing on the primary question presented for our determination are supported by competent evidence. Therefore, such findings are binding on review. *Perkins v. Sykes,* 233 N.C. 147, 63 S.E. 2d 133; *Hanford v. McSwain,* 230 N.C. 229, 53 S.E. 2d 84; *Carter v. Anderson,* 208 N.C. 529, 181 S.E. 750.

In our opinion, the remaining assignments of error present no error sufficiently prejudicial to the defendant to justify a reversal of the judgment below.

In light of the finding that the defendant's negligence was inexcusable, the fact that he may have a meritorious defense, and the court so found, becomes immaterial. *Stephens v. Childers,* 236 N.C. 348, 72 S.E. 2d 849; *Pate v. Hospital,* 234 N.C. 637, 68 S.E. 2d 288; *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67.

We do not consider what defenses the defendant's insurer may interpose by reason of the failure of Alford Chavis to notify it of the institution of this action against him, by reason of the terms of the policy or pursuant to the provisions of the Motor Vehicle Safety and Responsibility Act (G.S. 20-224 through 20-279). These are matters which cannot be adjudicated in this action. Therefore, any finding in this action with respect to the existence of insurance and the conduct of the

insurer in relation thereto, shall be without prejudice to the rights of such insurer in any other action relating thereto.

The judgment below is

Affirmed.