WILLIAM S. FRANKS v. JOHN JENKINS

(Filed 10 January, 1958.)

**1. Judgments § 27a—**

On motion to set aside a judgment under G.S. 1-220 on the ground of mistake, inadvertence, surprise and excusable neglect, the trial court's finding, upon supporting evidence, that the neglect was not excusable, is binding, notwithstanding contrary averments in affidavits offered by defendant, the court not being obligated to accept as true each and every statement of fact set forth therein.

**2. Same—**

On motion to set aside judgment for surprise and excusable neglect under G.S. 1-220, the neglect of defendant's liability insurance carrier is relevant only to the extent it may be imputed to defendant, and the findings of fact relating thereto are not determinative of the rights and liabilities of defendant and his insurance carrier *inter se.*

**3. Same: Process § 10—**

Service on a nonresident automobile owner under G.S. 1-105 has the same legal force as personal service, and a defendant so served is not entitled to have a default judgment against him set aside and to defend the action on its merits under G.S. 1-108.

APPEAL by defendant from *Williams, J.,* July 29, 1957, Regular Civil Term, ALAMANCE.

Plaintiff, a resident of Alamance County, North Carolina, seeks to recover damages alleged to have been caused by the negligence of defendant, a resident of New York City. The action, instituted April 9, 1957, grows out of an automobile collision in Davidson County, North Carolina, on September 12, 1956.

---

FRANKS *v.* JENKINS.

---

Service was made on defendant in accordance with G.S. 1-105, defendant having received (by mail) on April 12, 1957, in New York City, a copy of the summons and of the complaint.

Judgment by default and inquiry was signed June 12, 1957.

Defendant's copy of the summons and of the complaint were delivered to North Carolina (Greensboro) counsel on June 17, 1957, with instructions to act in behalf of defendant.

The hearing was on defendant's motion under G.S. 1-220 to set aside said judgment on the ground of mistake, inadvertence, surprise and excusable neglect.

Judge Williams' judgment, which includes his findings of fact and conclusions of law, denied defendant's said motion. Defendant excepted and appealed.

*Sanders & Holt for plaintiff, appellee.*

*Smith, Moore, Smith, Schell & Hunter for defendant, appellant.*

PER CURIAM. The findings of fact established (1) a meritorious defense, and (2) *inexcusable* neglect. Hence, defendant's motion was properly denied. *Sanders v. Chavis,* 243 N.C. 380, 90 S.E. 2d 749.

Affidavits offered by defendant provided the only information before the court as to what occurred in New York after the court papers were served on defendant on April 12, 1957. The court was not obliged to accept as true each and every statement of fact set forth in these affidavits.

Unquestionably, the court's findings of fact, which are supported by competent (defendant's) evidence, support the court's legal conclusion and judgment.

Defendant's liability insurance carrier is not a party to this action. Its neglect is relevant herein only to the extent it may be imputed to the defendant. *Stephens v. Childers,* 236 N.C. 348, 72 S.E. 2d 849. Hence, the findings of fact relating thereto are not determinative of the rights and liabilities of defendant and his liability insurance carrier *inter se. Sanders v. Chavis, supra.*

By amendment to its motion, defendant asserts that since service was made under G.S. 1-105, G.S. 1-108 entitles him to have the judgment set aside and to defend the action on its merits. But G.S. 1-108, in respect of relief *after* judgment, applies only when the service is by publication. As to service on defendant in accordance with G.S. 1-105, this statute provides that such service "shall be of the same legal force and validity as if served on him personally."

Affirmed.