GLADYS S. ELLISON, ADMINISTRATRIX OF THE ESTATE OF JOHN LOUIS
ELLISON, DECEASED v. WILLIE WHITE

No. 683SC366

(Filed 18 December 1968)

1. **Judgments § 34— motion to set aside default judgment — review
of findings of fact**

   The findings of fact by the judge on a motion to set aside a judgment
   on the ground of excusable neglect are final unless exception is made that
   there was no evidence to support the findings of fact or that there was a
   failure to find sufficient material facts.

2. **Judgments § 34— review of conclusions of law**

   The conclusions of law made by the judge upon the facts found by him
   are reviewable on appeal.

3. **Judgments § 34— excusable neglect or meritorious defense — ques-
tion of law**

   Whether excusable neglect or meritorious defense has been shown is
   a question of law, not of fact.

4. **Judgments § 34— showing of meritorious defense but not of excus-
able neglect**

   If the facts found are insufficient to support the conclusion of excus-
   able neglect, an order setting aside the judgment will be reversed not-
   withstanding defendant has shown a meritorious defense.

5. **Judgments § 25—what constitutes excusable neglect**

   Whether neglect is excusable is to be determined with reference to the
   litigant's neglect and not that of his attorney or insurer.

6. **Judgments § 25— excusable neglect — duties of party properly
served**

   Parties who have been duly served with summons are required to give
   their defense that attention which a man of ordinary prudence usually
   gives to his important business, and failure to do so is not excusable.

7. **Judgments § 25— inexcusable neglect — delivery of suit papers to
unknown person in insurer's office**

   Defendant's failure to file answer and defend a wrongful death action
   was not the result of excusable neglect where defendant left the sum-
   mons and complaint served on him with an unknown person who was in
   the office of his liability insurer and thereafter did nothing further about
   the case until a motion to set aside the default judgment taken against
   him was filed over eleven months later, defendant having failed to give
   his defense of the wrongful death action the attention which a man of
   ordinary prudence usually gives to his important business.

APPEAL by plaintiff from *Peel, J.,* 19 February 1968 Civil Ses-
sion of Superior Court of PITT County.

Plaintiff, as administratrix, sought to recover damages from the defendant for the alleged wrongful death of plaintiff's intestate growing out of an automobile collision which occurred on 14 August 1964. The action was commenced in Pitt County by the filing of the complaint and issuance of summons on 20 June 1966. The original summons not having been served, an alias summons was issued on 17 July 1966. The alias summons not having been served, a pluries summons was issued on 9 September 1966 and, with a copy of the complaint, was properly served on the defendant in Craven County on 12 September 1966. The defendant did not file answer, request an extension of time in which to answer, or otherwise plead. On 13 October 1966 judgment by default and inquiry was entered by the Clerk of Superior Court of Pitt County.

At the April 1967 Session of Superior Court of Pitt County, the issue of damages was submitted to a jury, and the jury returned a verdict in favor of the plaintiff in the amount of $11,700. On 18 April 1967 execution was issued against the defendant and personally served upon him on 27 April 1967.

Motion was filed on 17 August 1967 by defendant to set aside the judgment on the ground of excusable and justifiable neglect "or upon such other basis as the court deems proper." The motion was allowed and plaintiff appealed, assigning error.

*Beech & Pollock by H. E. Beech for plaintiff appellant.*

*Gaylord & Singleton by L. W. Gaylord, Jr., for defendant appellee.*

MALLARD, C.J.

The appellant contends, in substance, that the questions presented on this appeal are (1) whether there was sufficient evidence before the court to support the facts found, (2) whether the facts found support the conclusion of law reached that the defendant has a meritorious defense, (3) whether the facts found support the conclusion of law reached that there was excusable neglect, mistake, and inadvertence on the part of the defendant, and (4) whether the judge abused his discretion in setting aside the judgment by default and inquiry entered by the Clerk of Court, the jury verdict, and the final judgment entered in the Superior Court.

The "findings of fact" include many conclusions of law, as well as facts, and are set out by the trial court in detail, filling approximately six pages of the record. They are summarized, except where quoted, as follows:

The first "finding of fact" includes that the filing of the motion to set aside the judgments was filed in due time, the judgment by default and inquiry was signed under date of 13 October 1966, and the judgment of the Superior Court upon the jury verdict was signed 10 April 1967.

The second "finding of fact" includes the factual situation in which plaintiff's intestate was killed when an automobile operated by the defendant collided with a bicycle operated by plaintiff's intestate, the fact that defendant had an "assigned risk" insurance policy issued by Nationwide Mutual Insurance Company, the service of summons upon the defendant, and "that, upon service of the aforesaid pluries summons upon him under date of September 12, 1966, the defendant on the same date delivered the copy of the summons and complaint served upon him in this cause to a person situate in an office which said defendant determined to be that of Nationwide Mutual Insurance Company in the City of New Bern, North Carolina; that the defendant in this cause verily believed that the person to whom he delivered the aforesaid summons and complaint served upon him in this cause was an authorized representative or agent of Nationwide Mutual Insurance Company and believed at the time of the delivery of said summons and complaint to the aforesaid person that said summons and complaint — and the handling of the lawsuit initiated thereby — would be attended to and handled by Nationwide Mutual Insurance Company, his liability insurance carrier, and as said Company was obligated to do under the terms and provisions of the liability policy issued defendant by said Company; that the defendant in this cause has had but little formal schooling, knows little of the operations of law, and felt at the time he delivered the aforesaid summons and complaint to the person in and about the office of Nationwide Mutual Insurance Company in New Bern, North Carolina, that he was delivering same to an agent or employee of the said Company; that, in truth and in fact, the Court finds from the evidence offered in this cause that the person to whom defendant delivered the aforesaid copy of summons and complaint had no connection whatsoever with Nationwide Mutual Insurance Company, either as an agent, employee, or otherwise, and was not authorized to receive and deal with said copy of summons and complaint on its behalf, and that in truth and in fact the copy of summons and complaint was never delivered to or received by anyone authorized to act on behalf of defendant's liability insurance carrier or in its employ but that, as aforesaid, the defendant believed and had justifiable reason to believe that he

was delivering his copy of the summons and complaint to an authorized representative of his liability insurance carrier."

The third "finding of fact" includes that no agent, employee or any other person connected with Nationwide Mutual Insurance Company had any knowledge or notice of the filing of this cause of action until some time subsequent to 21 November 1967, (the trial court in its order does not find when such notice was received by the Insurance Company), and "as hereinbefore recited, the Court does find as a fact that the defendant in this cause did deliver the copy of the summons and complaint served upon him to some person in and about the office of Nationwide Insurance Company in New Bern, North Carolina, but that, as aforesaid, said person WAS NOT in any way connected with Nationwide Mutual Insurance Company or its New Bern (N. C.) office in any capacity whatsoever and was not authorized to do or perform any matter or thing whatsoever on behalf of Nationwide Mutual Insurance Company."

The fourth finding of fact is stated as follows:

"That the defendant in this cause did all which could be reasonably expected of a man in his position in life and considering his limited knowledge with respect to the workings of law, the courts, and legal processes of this State, and with respect to his handling of the copy of the summons and complaint served upon him in this cause, and further, that at the time of the delivery of said summons and complaint to the hereinbefore referred to person, the defendant herein felt that said person would give to said complaint the care and attention normally given to same by liability insurance companies in similar cases and on behalf of their insureds, and had reason to believe, and did believe that said action would be defended on his behalf by his liability insurance carrier as it was obligated to do under the terms and provisions of the liability policy issued him as aforesaid."

The fifth "finding of fact" is stated as follows:

"That the failure of the defendant to ascertain and determine with absolute certainty that the hereinbefore referred to copy of the summons and complaint served upon him was being delivered by him to an authorized agent or employee of his liability insurance carrier was due to excusable neglect, mistake, and inadvertence on the part of the defendant herein and that defendant filed his motion to set aside the judgment by default and inquiry and the final judgment taken against him as soon

as he could have been reasonably expected to do so following knowledge received by him that said judgments had been taken, and that in any event said defendant filed a motion to set the aforesaid judgments aside within one (1) year after notice thereof."

The sixth "finding of fact" includes that the defendant has a meritorious defense to the cause of action alleged in the complaint, the details are set forth with respect to the manner in which plaintiff's intestate came to his death, and "that it is probable that the accident complained of in plaintiff's complaint was caused solely and proximately on account of the negligence of John Louis Ellison, deceased, in riding and operating an unlighted bicycle on the paved portion of Rural Road #1725, and that if said accident was not caused on account of the sole negligence of the said John Louis Ellison, deceased, in any event the Court finds as a fact that the accident complained of in the complaint filed by plaintiff, and in which accident plaintiff's intestate met his death, was occasioned and brought about on account of contributory negligence on the part of the said John Louis Ellison, deceased."

The seventh and last "finding of fact" is stated as follows:

"That if the judgments entered in this cause are set aside as prayed by defendant, the plaintiff will still have her day in Court to litigate the matters and things alleged and referred to in the complaint filed in this cause."

In the judgment, immediately following the paragraph containing the "SEVENTH" finding of fact, there appear unnumbered paragraphs which read as follows:

"And the Court in the exercise of its discretion being of the opinion, based on the above-found facts, that the defendant's action and conduct with respect to the copy of the summons and complaint served upon him and his failure to ascertain and know that the lawsuit pending against him was not being defended constituted excusable neglect, mistake, and inadvertence and that the defendant in this cause has a meritorious defense to the action filed by plaintiff.

Further, it having been agreed in open Court by the Attorney for plaintiff and the Attorney for defendant that this judgment might be rendered and signed out of term and out of the District;

Now, THEREFORE, BASED UPON THE FOREGOING FINDINGS OF

FACT, AND IN THE CONSIDERED DISCRETION OF THE COURT, IT IS ORDERED, ADJUDGED AND DECREED:

FIRST: That the judgment by default and inquiry entered in this cause by the Clerk Superior Court of Pitt County, North Carolina, under date of October 13, 1966, be, and same is hereby set aside and vacated.

SECOND: That the judgment entered in this cause under date of April 10, 1967, by the Honorable James F. Latham, Judge, and the jury verdict with respect to damages on which same was based, be, and the same are hereby set aside and vacated.

THIRD: That the defendant have thirty (30) days from the date of this Order within which to file answer or such other pleading as he may deem proper to the complaint filed in this cause."

The hearing upon the written motion to set aside the judgments on the ground of excusable neglect in this case was heard by the judge considering the verified written motion, affidavits, and the oral testimony received. McIntosh, N. C. Practice 2d, § 1717.

[1] The findings of fact by the judge on a motion to set aside a judgment on the ground of excusable neglect are final, unless exception is made that there was no evidence to support the findings of fact, or that there was a failure to find sufficient material facts. McIntosh, N. C. Practice 2d, § 1717; *Norton v. McLaurin,* 125 N.C. 185, 34 S.E. 269.

In the case before us the plaintiff made proper exceptions to the findings of fact.

[2] "The conclusions of law made by the judge upon the facts found by him are reviewable on appeal." *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507.

We have carefully read all of the evidence in the record and are of the opinion that although many immaterial facts were found, such as how the defendant felt about the situation, that the defendant was covered by "assigned risk" insurance, and with respect to the conduct of agents of his insurer, there is competent evidence to support the facts found by the trial court but not all of the court's conclusions that are intermingled with the findings of fact. Plaintiff's first contention that the evidence does not support the findings of fact is without merit.

[3] Whether there has been shown excusable neglect or meritorious defense is a question of law, not a question of fact. "Upon the

facts found the court determines, as a matter of law, whether or not they constitute excusable neglect, and whether or not they show a meritorious defense; and from such ruling either party may appeal." McIntosh, N. C. Practice 2d, § 1717.

We are also of the opinion that the findings of fact support the conclusion reached by the court that the defendant has a meritorious defense.

[4]	"The absence of a sufficient showing of excusable neglect renders the question of meritorious defense immaterial, and a want of a sufficient showing of a meritorious defense renders the question of excusable neglect immaterial." 5 Strong, N. C. Index 2d, Judgments, § 29.

"Conclusions of law of the court from the facts found are reviewable. . . . Further, if the facts are insufficient to support the conclusion of excusable neglect, an order setting aside the judgment will be reversed." 5 Strong, N. C. Index 2d, Judgments, § 34.

The defendant testified with respect to the man to whom he said he gave the suit papers in the New Bern office of Nationwide Insurance Company that, "I did not find out who he was or nothing like that. I handed the papers to the man behind the desk. I left the office and felt that I had done all that I could do about it."

The court found that the defendant on 12 September 1966 was served with a copy of the summons and complaint, that he went to the New Bern office of Nationwide Insurance Company and left the summons and complaint with some unknown man there in the office. The findings disclose that the defendant did not do anything further about this case until over eleven months later when on 17 August 1967 a motion was filed to set aside the judgments herein on the ground of excusable and justifiable neglect by the attorney representing defendant.

[5]	"Whether the neglect is excusable is to be determined with reference to the litigant's neglect, and not that of his attorney, or a defendant's insurer." 5 Strong, N. C. Index 2d, Judgments, § 25; *Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902; *Sanders v. Chavis,* 243 N.C. 380, 90 S.E. 2d 749.

[6]	"Parties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable." 5 Strong, N. C. Index 2d, Judgments, § 25; *Jones v. Statesville Ice & Fuel Co.,* 259 N.C. 206, 130 S.E. 2d 324.

[7]     The findings of fact and the evidence in this case reveal that the defendant failed to give the defense of this case the attention which a man of ordinary prudence usually gives his important business. He did not read the papers served on him and did not employ a lawyer to attend to this important business. He gave these papers to an unknown person who did not agree to look after the matter for him. According to the evidence, this unknown person told the defendant nothing. Plaintiff followed proper procedures in obtaining the judgments and causing execution to issue thereon. The execution on the judgment was served on the defendant on 24 April 1967, and the defendant testified he did not go to see a lawyer or his insurance company until his insurance company sent an adjuster to see him on 9 June 1967. It was inexcusable negligence on the part of the defendant to leave the summons and complaint served upon him with the unknown man and do nothing about them thereafter under the circumstances revealed by this record.

We are of the opinion that the findings of fact by the trial judge do not show excusable neglect, mistake, or inadvertence on the part of the defendant in failing to file answer and defend this case. In view of what has been said, we do not reach the question as to whether there was an abuse of discretion by the trial judge. The provisions of G.S. 1-220 are not available to give the defendant relief under the facts found.

Judgment reversed.

CAMPBELL and MORRIS, JJ., concur.