Ruffin, Judge.
 

 The instructions to the jury are. now out of the case, by the Counsel for the Defendant moving in arrest of judgment, and thereby abandoning the rule for a new trial.
 

 The ground of the motion in this Court is, that the count charging the Defendant as deputy Sheriff is bad. The case cited in argument,
 
 (Cameron
 
 v.
 
 Reynolds Cowp,
 
 403.) besides many others, does undoubtedly show, that for a mere non-feasance, without any wrongful
 
 act
 
 done by the deputy, the action must be against the principal, and not the deputy.
 

 The rule too is so perfectly established, as not to require an authority, that in civil cases, (tho’ it is otherwise in criminal.) if a general verdict, is. given on several Gounts, of which one is bad, there cannot be judgment: because the Court cannot say to which the evidence r«¡e-ferred. The Plaintiff ought to have withdrawn his evidence on the defective couut, or moved the Court to enter the verdict or to amend it, so as to make it refer to fie
 
 *540
 
 g00(] parts 0f the declaration, if the evidence Would have justified the Court. u
 

 Per Curiam. — Let the judgment below be reversed, and judgment arrested.