K. R. JONES v. HARRISON PALMER.

*Practice—Joining Causes of Action.*

Plaintiff brought suit in the court of a justice of the peace claiming a debt of fifty dollars and also possession of a horse and wagon under a certain mortgage.  On appeal from the justice's judgment to the superior court plaintiff offered to remit his claim for the personal property and declare only for the debt ;

> *Held*, that he had a right to take such a course in his discretion and that His Honor erred in denying him that privilege.

(*Mitchell* v. *Durham,* 2 Dev., 538 ; *Honeycut* v. *Angel,* 4 Dev. & Bat., 303 ; *Jones* v. *Cooke,* 3 Dev. 112, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of CRAVEN Superior Court, before *Gudger, J.*

This action was begun before a justice of the peace in the county of Craven. The plantiff complained that the defendant Palmer was indebted to him in the sum of fifty dollars, and that he held a mortgage on one bay horse and a wagon then in the possession of the defendant, executed by the defendant to one Eli H. T. Perry as collateral security for the payment of said debt; that said debt was due and unpaid and that defendant unlawfully holds from his possession the said horse and wagon, worth about fifty dollars. No defence was set up by the defendant, and after hearing the evidence of the plaintiff, judgment was rendered in favor of the plaintiff against the defendant for the sum of fifty dollars and for the said horse and wagon, to be applied to the payment of said debt. From this judgment the defendant appealed to the superior court. When the case was called in that court the defendant moved that the action be dismissed for the want of jurisdiction in the magistrate's court, and during the argument of this motion the plaintiff moved to amend so as to sue for the sum of fifty dollars

only, waiving all claim arising on the mortgage referred to in the magistrate's return. But the motion of the plaintiff was disallowed by the court upon the ground that the magistrate had no jurisdiction of the action as originally constituted in his court.

The defendant's motion was allowed and the action was dismissed, from which ruling the plaintiff appealed.

*Mr. F. M. Simmons,* for plaintiff.
*Messrs. Green & Stevenson,* for defendant.

ASHE, J. This is a suit brought for two causes of action, or in other words an action containing two distinct counts, the one to recover a debt of fifty dollars and the other to recover specific property. It does not follow that because the magistrate had no jurisdiction of one count, he therefore had none of the other. So far as relates to the second count or cause of action, if it is to be regarded as a proceeding to foreclose the mortgage, we concur with His Honor that the magistrate had no jurisdiction. If it was intended to be an action of claim and delivery, it was defective and could not be sustained in that view, for the act of 1876–'77, ch. 251, which gives to justices of the peace concurrent jurisdiction of civil actions not founded on contract, prescribes the requisites of an action of "claim and delivery" before justices of the peace, in all of which this second count is wanting, except that the property has been wrongfully detained. And another defect in the count is that the cause of action is founded on a mortgage given not to the plaintiff but to a stranger to the action, who had the legal title to the property and in whom was the right of action. But even if the magistrate had no jurisdiction of the second count he most clearly had of the first, and there is no reason why a want of jurisdiction or defect in the second count should deprive the justice of jurisdiction of the case. One

bad count in a declaration never vitiates those that are good, though in such a case if there be a general verdict on both counts, no judgment can be rendered. *Mitchell* v. *Durham*, 2 Dev., 538; *Honeycut* v. *Angel*, 4 Dev. & Bat., 306.

But where the declaration contains two counts, the one good and the other defective, and the attention of the jury is directed by the judge to that which is good only, a general verdict will be presumed to be found on that count and will be supported. *Jones* v. *Cooke*, 3 Dev., 112. This is the course we think would have been proper to have been pursued in this case, if the plaintiff had not moved to amend his complaint so as to sue for the sum of fifty dollars only, waiving all claims arising on the mortgage. The plaintiff had the right to enter a *nolle prosequi* to either or all of the counts or causes of action in his complaint. Sanders Rep., 207, note 2. His motion for leave to amend his complaint and waive the second count was virtually asking leave of the court to enter a *nolle prosequi* as to that count, a thing he had the right to do without the leave of the court.

His Honor committed an error in disallowing the motion of the plaintiff and dismissing the action. The plaintiff had the right to enter a *nolle prosequi* as to the second count and proceed on the first. Let this be certified to the superior court of Craven that further proceedings may be had agreeably to this opinion and the law.

Error.                                                    Reversed.