LOUIS BAER v. JONAH McCALL AND W. J. GODWIN, SURETY ON
REPLEVIN BOND.

(Filed 3 November, 1937.)

**1. Courts § 7—**

Where plaintiff declares on two causes of action which together exceed
the jurisdictional amount of the recorder's court, he may, upon defend-
ant's motion to dismiss for want of jurisdiction, withdraw one count, and
it is error for the recorder's court to refuse to allow such withdrawal and
dismiss the action for want of jurisdiction.

**2. Courts § 2a—**

Upon appeal from judgment of a recorder's court dismissing the action
for want of jurisdiction for that the amount demanded on the two causes
of action alleged exceeded the jurisdictional amount of the court, the
Superior Court may allow plaintiff to withdraw one cause of action and
proceed to trial upon the other.

**3. Judgments § 23—**

Where the court finds that defendant in claim and delivery proceedings
was in court when his attorney was allowed to withdraw from the case,
and was told he would have to employ other counsel, and the case con-
tinued to the next term, the refusal of the motion made by himself and
the surety on his replevin bond to set aside the judgment taken at the
next succeeding term on the ground of mistake, surprise, and excusable
neglect is properly refused.   C. S., 600.

APPEAL by defendants from *Daniels, J.,* at March-April Term, 1937,
of HARNETT.   Affirmed.

The whole matter of the litigation is carefully set forth in the judg-
ment of Daniels, J., as follows:

"This cause coming on to be heard and being heard by and before his
Honor F. A. Daniels, judge presiding, on 7 April, 1937, of Harnett
County Superior Court at Lillington, North Carolina, upon motion to
vacate and recall execution issued herein filed by defendants, and upon
motion made by defendants to set aside the judgment heretofore rendered
in this cause by reason of mistake, surprise, and excusable neglect, and
upon the hearing of said motions the court finds the following facts and
renders judgment as follows:

"1. That on 31 December, 1936, the defendants filed motion before the
clerk of the Superior Court of Harnett County to vacate and recall
execution issued on the judgment entered herein on 7 December, 1936;
that plaintiff filed demurrer to said motion and said demurrer was sus-
tained by the clerk, and defendants appealed from the clerk's ruling to
the judge of the Superior Court at term; that said motion came on for
hearing before his Honor, W. C. Harris, judge, at February Term,

1937, of Harnett Superior Court, at which time counsel for defendants made an oral motion to set aside the judgment heretofore rendered in this cause by reason of mistake, surprise, and excusable neglect, and his Honor, W. C. Harris, judge, continued both motions to the March-April Term, 1937, of Harnett Superior Court, in order that the defendants might prepare and file their formal motion to set aside the judgment for mistake, surprise, and excusable neglect.

"2. That this action originated in the recorder's court of Dunn, N. C., and that the maximum jurisdiction of said court, either in contract or tort, is $500.00; that in this action plaintiff filed his duly verified complaint containing two counts or separate causes of action, to wit: One for $500.00 for debt due the plaintiff by the defendant, Jonah McCall, and for possession of the personal property securing said debt and described in the claim and delivery issued in this action, and the other for $200.00 damages for the wrongful detention of said property, and asked for judgment for $500.00 on the debt for possession of said property and $200.00 damages for wrongful detention of property.

"3. That the defendant, Jonah McCall, gave replevin bond in the sum of $1,000, with W. J. Godwin, surety, and filed his duly verified answer setting up a counterclaim; that when this cause came on for trial in the recorder's court of Dunn the defendant, Jonah McCall, through his counsel, moved the court to dismiss the action for want of jurisdiction and demurred *ore tenus* to the jurisdiction of the court; that thereupon and prior to the dismissal of the case in the recorder's court of Dunn plaintiff offered to withdraw his count set up in the complaint for $200.00 as damages for the wrongful detention of the personal property seized under the claim and delivery issued in this action and proceed with the trial on the count for $500.00 debt and possession of the personal property; that this motion of plaintiff was declined by the court on the ground that plaintiff had no right to withdraw said count and that the court did not have jurisdiction, and the case was dismissed on 2 January, 1936, and plaintiff appealed from said judgment and had his appeal properly docketed in the Superior Court of Harnett County.

"4. That this cause was placed on the calendar at the February Term, 1936, of Harnett Superior Court and came on for hearing at said term, at which time C. L. Guy, attorney representing the defendant, Jonah McCall, asked permission of the court to withdraw as counsel for the defendant, whereupon an order was entered allowing C. L. Guy to withdraw as counsel for the defendant; that the defendant, Jonah McCall, was present in person and was notified by the court, in open court, that he would have to get another attorney to represent him in the case and that the case would be continued to the June Term, 1936; that the case

was placed on the calendar for trial at the June Term, 1936, of Harnett Superior Court, and was reached in regular order on said calendar, and the said case was tried at said term before his Honor, N. A. Sinclair, judge presiding, at which time counsel for plaintiff withdrew his count set up in the complaint for $200.00 for wrongful detention of the personal property, and the court proceeded to try the case on the count for $500.00 debt and possession of the personal property seized under the claim and delivery and issues were answered by the jury, as appears of record, and judgment signed; that neither the defendant, Jonah McCall, nor W. J. Godwin, surety on his replevin bond, was present in court at the trial of the case; that the defendant, Jonah McCall, had full knowledge that said case was pending for trial in the Superior Court and failed to employ counsel after C. L. Guy had withdrawn as his attorney and paid no attention to the case until after execution was served on W. J. Godwin, surety; that W. J. Godwin, surety, may have had no formal notice that said case was pending on appeal in the Superior Court of Harnett County, but that the defendant, Jonah McCall, was his agent and notice to McCall was notice to him and he is bound by the judgment as surety.

"5. That on 11 September, 1936, execution was issued to the sheriff of Cumberland County against the defendant Jonah McCall, and for the possession of the property seized under the claim and delivery issued in this action and said execution was returned with the following entry made by the sheriff of Cumberland County: 'After due and diligent search the property not found'; that on 7 December, 1936, execution was issued to the sheriff of Harnett County against the defendant, Jonah McCall, and W. J. Godwin, surety, and thereupon the motion to recall and vacate said execution was filed before the clerk of the Superior Court of Harnett County.

"6. That the plaintiff had the right to withdraw his count for $200.00 damages for wrongful detention of personal property, and upon his offering to withdraw said count in the recorder's court of Dunn, the said recorder's court of Dunn had jurisdiction of the count for $500.00 debt and possession of the personal property and should have proceeded with the trial on said count; that the plaintiff had right to withdraw his said count of $200.00 damages at the time the case came on for trial in the Superior Court, and upon his withdrawal of the same at that time the Superior Court had jurisdiction of the count for $500.00 debt and possession of the personal property, and the judgment entered by said court is a valid judgment.

"7. That the court finds no excusable neglect on the part of either the defendant, Jonah McCall, or W. J. Godwin, surety on his replevin bond.

"8. That the ruling of the clerk on the demurrer filed by the plaintiff to the motion of the defendants to vacate and recall the execution is hereby sustained and the motion of the defendants to set aside judgment on the grounds of mistake, surprise, and excusable neglect is denied."

The defendants excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*J. Robert Young and J. A. McLeod for plaintiff.*
*R. L. Godwin for defendants.*

PER CURIAM. In the finding of facts in the court below is the following: "That when this cause came on for trial in the recorder's court of Dunn the defendant, Jonah McCall, through his counsel, moved the court to dismiss the action for want of jurisdiction and demurred *ore tenus* to the jurisdiction of the court; that thereupon and prior to the dismissal of the case in the recorder's court of Dunn plaintiff offered to withdraw and moved the court to be allowed to withdraw his count set up in the complaint for $200.00 as damages for the wrongful detention of the personal property seized under the claim and delivery issued in this action, and proceed with the trial on the count for $500.00 debt and possession of the personal property; that this motion of plaintiff was declined by the court on the ground that plaintiff had no right to withdraw said count and that the court did not have jurisdiction, and the case was dismissed on 2 January, 1936, and plaintiff appealed from said judgment and had his appeal properly docketed in the Superior Court of Harnett County."

On appeal in the Superior Court "plaintiff withdrew his count set up in the complaint for $200.00 for wrongful detention of the personal property, and the court proceeded to try the case on the count for $500.00 debt," etc. The maximum jurisdiction of the recorder's court of Dunn, N. C., either on contract or tort is $500.00.

In *Jones v. Palmer,* 83 N. C., 303 (304), *Ashe, J.,* said: "This is a suit brought for two causes of action or, in other words, an action containing two distinct counts, the one to recover a debt of fifty dollars and the other to recover specific property. It does not follow that because the magistrate had no jurisdiction of one count he therefore had none of the other. . . . But even if the magistrate had no jurisdiction of the second count he most clearly had of the first, and there is no reason why a want of jurisdiction or defect in the second count should deprive the justice of jurisdiction of the case. One bad count in a declaration never vitiates those that are good though, in such a case if there be a general verdict on both counts, no judgment can be rendered. *Mitchell v. Durham,* 13 N. C., 538; *Honeycut v. Angel,* 20 N. C.,

449. . . . The plaintiff had the right to enter a *nolle prosequi* to either or all of the counts or causes of action in his complaint. Sanders Rep., 207, note 2. His motion for leave to amend his complaint and waive the second count was virtually asking leave of the court to enter a *nolle prosequi* as to that count, a thing he had the right to do without the leave of the court. His Honor committed an error in disallowing the motion of the plaintiff and dismissing the action. The plaintiff had the right to enter a *nolle prosequi* as to the second count and proceed on the first."

We think this case is governed by the *Jones case, supra.* The facts in *Perry v. Pulley,* 206 N. C., 701, are distinguishable. We think the court correct in refusing to set aside the judgment on the ground of mistake, surprise, and excusable neglect. N. C. Code, 1935 (Michie), sec. 600. The facts found show clearly no mistake, surprise, and excusable neglect.

The judgment of the court below is

Affirmed.