ENGINES & EQUIPMENT, INC. v. JOE LIPSCOMB

No. 7210DC327

(Filed 28 June 1972)

**1. Appeal and Error § 45— abandonment of assignments of error**

Exceptions and assignments of error not supported in the brief by reason, argument or authority are deemed abandoned. Court of Appeals Rule 28.

**2. Appeal and Error § 16— motion after appeal taken — authority of trial court**

The trial court was without authority to consider defendant's motion to set aside a default judgment filed after notice of appeal had been given and appeal entries had been entered.

**3. Judgments § 24— excusable neglect — question of law**

Whether excusable neglect has been shown is a question of law, not a question of fact.

**4. Judgments § 25; Rules of Civil Procedure § 60— excusable neglect — delivery of suit papers to employer — employer's representation that answer had been filed**

Defendant was not entitled to have a default judgment against him set aside on the ground of excusable neglect where defendant delivered the summons and complaint to an official of his employer, who agreed to deliver them to an attorney who would defend the action for defendant, the official thereafter advised defendant that the suit papers had been delivered to an attorney and that answer denying the material allegations of the complaint had been filed, but the representation the official made to defendant was false and no answer was filed on defendant's behalf.

**5. Judgments § 25— attention to defense — excusable neglect**

Parties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable.

APPEAL by defendant from *Preston, District Judge,* 30 November 1971 Civil Session of WAKE District Court.

On 17 March 1971 plaintiff instituted this action seeking to recover judgment against defendant for $1,686.75 plus interest, allegedly due plaintiff for labor and parts furnished in repairing defendant's equipment. No defense pleading having been filed, on 21 April 1971 at the request of plaintiff the Assistant Clerk of Wake Superior Court entered a default judgment against defendant. On 5 August 1971 Judge Preston

signed an order granting defendant's motion (filed 5 August 1971) to set aside the default judgment on the grounds of excusable neglect under G.S. 1A-1, Rule 60(b)(1) and allowing him fifteen days to file answer. On 11 August 1971 plaintiff moved to vacate the 5 August 1971 order, alleging that plaintiff had no notice of defendant's motion to set aside the default judgment until 8 August 1971. Pursuant to G.S. 1A-1, Rule 60(b)(1) on 21 October 1971 Judge Preston, on the ground of surprise, vacated his order of 5 August 1971 but ordered execution of the judgment stayed pending a final determination of the cause. On 30 November 1971 Judge Preston entered an order concluding that defendant's actions following the service of summons and complaint on him did not constitute excusable neglect and denied the motion to set aside the default judgment. Defendant gave notice of appeal from this order and appeal entries were made on 30 November 1971.

After the appeal was taken on 30 November 1971 defendant on 6 December 1971 moved the court to set aside the default judgment on the grounds that plaintiff's cause of action is not in a sum certain as contemplated by G.S. 1A-1, Rule 55(b)(1). This motion was heard on 6 January 1972 and on 11 January 1972 Judge Preston entered an order denying the motion to which order defendant also noted an appeal.

*Thompson and Lynn by Dan Lynn for plaintiff appellee.*

*Philip O. Redwine for defendant appellant.*

BRITT, Judge.

[1, 2]  Defendant's exceptions and assignments of error 2, 3, 4 and 5, relating to the order entered on 11 January 1972, are not supported in his brief by reason, argument or authority, therefore, said exceptions and assignments of error are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Furthermore, since notice of appeal was given and appeal entries made on 30 November 1971, the trial court was without authority to consider defendant's motion filed on 6 December 1971. *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971).

The sole question before us is whether the trial court erred in concluding that defendant failed to show excusable neglect and in denying defendant's motion to set aside the default judgment.

**[3]** Whether excusable neglect has been shown is a question of law, not a question of fact. " 'Upon the facts found the court determines, as a matter of law, whether or not they constitute excusable neglect, . . . . ' McIntosh, N. C. Practice 2d, § 1717." *Ellison v. White,* 3 N.C. App. 235, 240-241, 164 S.E. 2d 511, 515 (1968), cert. den. 275 N.C. 137 (1969).

**[4]** In the case at bar, the court's findings of fact included the following (summarized) : On or about 18 March 1971 defendant's wife was served with summons and complaint in this cause. Defendant was a long distance truck driver and between 18 March 1971 and 28 March 1971 was transporting materials from North Carolina to California. On or about 5 April 1971 defendant delivered his copy of the summons and complaint to an official of his employer who agreed to deliver the same to an attorney who would defend the action for defendant. Said official thereafter advised defendant that the suit papers had been delivered to an attorney and that an answer denying the material allegations of the complaint had been filed. The representation the official made to defendant was false and no answer was filed on behalf of defendant.

We hold that as a matter of law the facts found by the trial judge do not constitute excusable neglect under G.S. 1A-1, Rule 60 (b) (1).

This case is analogous to *Rawleigh, Moses & Co. v. Furniture, Inc.,* 9 N.C. App. 640, 642-643, 177 S.E. 2d 332, 333 (1970), a case that resulted in a finding of no excusable neglect, in which we said: "A review of appellee's motion and affidavit impels us to conclude that appellee did not make out a case of excusable neglect any stronger than, if as strong as, the defendant made out in *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67 (1945). In that case, our Supreme Court upheld a default judgment rendered against the defendant, a medical doctor, which judgment was rendered when the defendant was under the pressure of adverse circumstances and unending demands for his professional services. We quote from the opinion as follows: 'While his inattention and neglect are attributed to the similarity in the title of this case to a former action, and to his preoccupation in the duties of his profession, commendable and highly important though they were, we do not think this should be held in law to constitute such excusable neglect as would relieve an intelligent and active businessman from the

consequences of his inattention, as against diligent suitors proceeding in accordance with the provisions of the statute.' "

[5] Parties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable. 5 Strong, N.C. Index 2d, Judgments, § 25, pp. 46-47. We agree with the trial court's conclusion that defendant herein did not meet this test.

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.