BEN C. MASON v. GRACE T. MASON

No. 7411DC475

(Filed 17 July 1974)

Judgments § 25; Rules of Civil Procedure § 60— setting aside absolute divorce — mistake, surprise, excusable neglect— insufficiency of evidence and findings

> Order setting aside a judgment of absolute divorce on grounds of "mistake, surprise or excusable neglect" must be set aside since (1) such order is not supported by the court's findings that an action for alimony without divorce by defendant was pending when the divorce action was instituted, that defendant employed an attorney to contest the divorce but he failed to file answer, that the divorce was granted at a criminal session when defendant had no notice of the trial, and that defendant had a meritorious defense of abandonment, and (2)

Mason v. Mason

there is no evidence in the record to support the court's findings. G.S. 1A-1, Rule 60(b)(1).

APPEAL by plaintiff from *Godwin, Judge,* 4 February 1974 Session of District Court held in LEE County. Heard in the Court of Appeals 30 May 1974.

Plaintiff, Ben C. Mason, instituted this action on 21 November 1973 by filing a complaint seeking an absolute divorce from the defendant, Grace T. Mason. The defendant filed no responsive pleadings and on 8 January 1974, plaintiff was granted a judgment of absolute divorce.

On 4 February 1974, defendant's counsel notified plaintiff that he would move on 7 February 1974 to set aside the judgment of absolute divorce on the grounds that this judgment was entered through mistake, inadvertence, or excusable neglect. On 7 February 1974, the motion came on for hearing before Judge Godwin, but no evidence was offered in support of the motion. After oral argument of counsel, Judge Godwin announced that he was setting aside the judgment "upon the record". The order setting aside the judgment contains, among other things, the following findings and conclusions:

"[T]hat at the time of the institution of this suit there was then pending in the District Court of Lee County an action for alimony without divorce, child custody, and alimony pendente lite, wherein the defendant herein is plaintiff and the plaintiff herein is defendant, in which action it is alleged that the plaintiff herein had unlawfully abandoned the defendant here;

[T]hat the defendant herein intended in good faith to contest the plaintiff's right to absolute divorce, and that she employed counsel for said purpose, and that an answer was prepared during the month of November, 1973, but that through mistake, inadvertence, or excusable neglect said answer was not filed;

[T]hat on January 8, 1974, at a criminal session of the District Court of Lee County the plaintiff was granted an absolute divorce from the defendant, but that said action was not calendared and that neither the defendant nor her counsel had prior notice of said trial;

[T]hat the defendant has a meritorious defense to the plaintiff's action, to wit, the plaintiff's unlawful abandonment and non-support of the defendant;"

Plaintiff excepted to the material findings and conclusions of the court and appealed.

*Wilson, Bowen & Lytch by Wiley F. Bowen for plaintiff appellant.*

*No counsel contra.*

HEDRICK, Judge.

G.S. 1A-1, Rule 60 (b) (1) of the Rules of Civil Procedure provides that a party may be relieved from a final judgment on the following grounds: "Mistake, inadvertence, surprise, or excusable neglect." Determination of whether excusable neglect, inadvertence, or surprise has been shown is a question of law, not a question of fact, *Equipment, Inc. v. Lipscomb,* 15 N.C. App. 120, 189 S.E. 2d 498 (1972) ; and the conclusion reached is final "unless, exception is made that there was no evidence to support the findings of fact or that there was a failure to find sufficient material facts [to support the conclusion]." *Ellison v. White,* 3 N. C. App. 235, 164 S.E. 2d 511 (1968), cert. denied 275 N.C. 137 (1969).

Plaintiff contends that the order setting aside the judgment was improperly granted because (1) the trial court failed to find sufficient facts to support its conclusion that the defendant was entitled to relief from the judgment of absolute divorce because of mistake, inadvertence or excusable neglect, and (2) the record is devoid of any evidence which would support such findings.

While the trial court did make certain findings, we are of the opinion that the findings made are not sufficient to support an order setting aside a final judgment on the grounds of "mistake, inadvertence or excusable neglect". Moreover, there is a complete absence from this record of any evidence to support the findings of fact made by the trial judge. Indeed, the trial judge made it clear that he was making his findings and conclusions from the record and that he was not going to hear any evidence. The order setting aside the final judgment clearly reflects that the trial judge considered matters which are not included in the record on appeal.

For the reasons stated, the order appealed from is vacated and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges MORRIS and BALEY concur.