STANDARD EQUIPMENT COMPANY, INC. v. BASIL E. ALBERTSON, JR. AND WIFE, GAIL ALBERTSON

No. 7721SC159

(Filed 24 January 1978)

**1. Rules of Civil Procedure § 60— judgment of dismissal—no excusable neglect**
Evidence was insufficient to show excusable neglect as a matter of law and to justify relief under G.S. 1A-1, Rule 60(b)(1), where it tended to show that plaintiff did not keep himself informed as to the date set for trial of his action; plaintiff changed his address and failed to notify the court so that the court was unable to contact him; and plaintiff failed to retain counsel promptly.

**2. Rules of Civil Procedure § 60— judgment of dismissal—plaintiff's inattention as cause—judgment not vacated**
Plaintiff was not entitled to have the judgment of dismissal by the trial court vacated pursuant to G.S. 1A-1, Rule 60(b)(6), since judgments should not be vacated under that rule except in extraordinary circumstances and after a showing that justice demands it, and the facts of this case do not show that the judicial system or the defendant prevented movant from presenting his claim but rather that his own inattention to his affairs caused the dismissal to be entered.

APPEAL by defendants from *Collier, Judge.* Judgment entered 16 December 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 10 January 1978.

Equipment Co. v. Albertson

The undisputed facts are as follows. The complaint was filed on 1 May 1973 for a deficiency judgment after repossession of a piece of construction machinery. On 29 May 1973, defendants answered and counterclaimed. On 9 July 1974, defendants amended the answer and counterclaim. Discovery was had by both parties. Plaintiff discharged its attorney of record and took possession of its counsel's case file. On 2 September 1975, plaintiff's attorney was allowed to withdraw and was relieved of further responsibility in the case.

Plaintiff had no attorney of record after 2 September 1975. Letters and calendars sent to plaintiff by the Clerk of Superior Court were returned undelivered because plaintiff no longer rented that post office box and had not advised the court of its current address.

The case was calendared for trial at the 6 July 1976 Civil Session of Superior Court in Forsyth County. Plaintiff did not appear. Defendants appeared and submitted to a voluntary dismissal of their counterclaim with prejudice. The court then ordered that plaintiff's action be dismissed with prejudice for plaintiff's failure to appear to prosecute.

On 18 November 1976, present counsel for plaintiff moved that the July judgment be vacated and set aside and that the case be placed upon the calendar for trial. The motion contained allegations by counsel that, among other things, plaintiff had no knowledge of the date that the case was set for trial, that "some time" after the July judgment present counsel was employed to prosecute the claim and that in October of 1976, while preparing the case for trial, present counsel learned that the action had been dismissed for failure to prosecute.

After the motion came on to be heard, the judge made the following "conclusions of law".

"1. The plaintiff had no knowledge as to the date set for trial of this action in Superior Court and was diligent throughout in attempting to prosecute its claim.

2. Plaintiff was not negligent in the handling of its case and any delay in substituting counsel did not amount to inexcusable neglect.

3. Plaintiff has not manifested an intention to thwart the progress of this action to its conclusion nor has it used delaying tactics to impede the progress of this action.

4. Plaintiff's failure to proceed at the July 5, 1976, term of Court did not arise out of a deliberate attempt to delay, but out of a misunderstanding and confusion.

5. The Judgment of the Court entered previously herein should be modified and amended."

The judge then ordered that the July judgment dismissing the action be "amended and modified to the extent that plaintiff's claim and defendants' counterclaim are dismissed without prejudice and the plaintiff has the right to commence said action again within one year as provided by law . . . ."

*Green and Leonard, by Robert K. Leonard, for plaintiff appellee.*

*Randolph and Randolph, by Clyde C. Randolph, Jr., for defendant appellants.*

VAUGHN, Judge.

[1] Defendant presents a single assignment of error by which he contends that the facts as found in this case do not justify relief under Rule 60(b). Plaintiff's motion for relief from the judgment did not specify the statutory language upon which it relied, however, it seems clear that the facts alleged relate to Rule 60(b)(1) and relief due to excusable neglect. Thus our inquiry must be whether the facts as found show excusable neglect as a matter of law. *Mason v. Mason*, 22 N.C. App. 494, 206 S.E. 2d 764 (1974). We hold that they do not. A party has a duty "to keep himself advised as to the time and date his cause is calendared for trial for hearing; and when a case is listed on the court calendar, he has notice of the time and date of the hearing." *Thompson v. Thompson*, 21 N.C. App. 215, 217, 203 S.E. 2d 663, 665 (1974), *cert. den.*, 285 N.C. 596, 205 S.E. 2d 727; *accord, Craver v. Spaugh*, 226 N.C. 450, 38 S.E. 2d 525 (1946). Plaintiff obviously failed to keep himself informed. Moreover, the court was unable to contact the plaintiff for the simple reason that plaintiff neglected to inform the court of its current address. Parties to suits are expected to give them the attention which a person of ordinary prudence

gives his important business. *Gregg v. Steele*, 24 N.C. App. 310, 210 S.E. 2d 434 (1974). Plaintiff was out of contact with the court for a period of ten months. Failure to retain counsel promptly or otherwise to maintain contact with the court should not be classified as excusable neglect of one's own lawsuit. Having invoked the jurisdiction of the court, a party should not be heard to complain when required to attend to the business he placed before it.

[2] Plaintiff contends that the court had authority to vacate the judgment pursuant to Rule 60(b)(6) even if the facts do not show excusable neglect. "While Rule 60(b)(6) has been described as 'a grand reservoir of equitable power to do justice in a particular case,' 7 Moore's Federal Practice, § 60.27 [2] at 375 (2d ed. 1975), it should not be a 'catch-all' rule." *Norton v. Sawyer,* 30 N.C. App. 420, 426, 227 S.E. 2d 148, 153 (1976). Courts have the power to vacate judgments when such action is appropriate, yet they should not do so under Rule 60(b)(6) except in extraordinary circumstances and after a showing that justice demands it. Thus the federal courts, in considering similar questions, have identified as relevant factors (1) the general desirability that a final judgment not be lightly disturbed, (2) where relief is sought from a judgment of dismissal or default, the relative interest of deciding cases on the merits and the interest in orderly procedure, (3) the opportunity the movant had to present his claim or defense, and (4) any intervening equities. *See* 7 Moore's Federal Practice § 60.19 at 237-38 (2d ed. 1975) and the cases cited therein; *see also* 15 A.L.R. Fed. 193. The facts of this case do not show that the judicial system or the defendant prevented movant from presenting his claim but rather that his own inattention to his affairs caused the dismissal to be entered. The interest of deciding cases on the merits cannot outweigh all other considerations and entitle plaintiff to extraordinary relief under Rule 60(b)(6).

We conclude that the judgment from which defendant appealed was entered in error. The same should be and is hereby vacated.

Judgment vacated.

Chief Judge BROCK and Judge ERWIN concur.