KYLE KELLY HARRINGTON AND KYLE HARRINGTON, TRUSTEES v. ALEX S. AND JOYCE S. HARRINGTON

No. 7811SC47

(Filed 7 November 1978)

1. **Rules of Civil Procedure § 60.2 — defendants' failure to appear for trial — no excusable neglect**

   Defendants' contention that their failure to appear at the August session of court when their case was calendared was excusable neglect is without merit, since defendants were told in June by the trial judge himself that the case would be tried in August; defendants received a copy of the August calendar which listed their case; and any confusion brought about by the receipt of an August and a September calendar, each showing defendants' case calendared for that month, could have been cleared up by a phone call to the clerk of court.

2. **Appeal and Error § 14; Rules of Civil Procedure § 58 — notice of appeal not timely — appeal dismissed — requirements for entry of judgment**

   The trial court properly dismissed defendants' appeal where more than ten days elapsed between the entry of judgment and the notice of appeal, and

Harrington v. Harrington

defendants' contention that "entry of judgment" should require that every judgment be set forth on a separate document, as required by federal rules, is without merit, G.S. 1A-1, Rule 58 requiring only that the clerk make a notation in his minutes, such notation to constitute the entry of judgment.

APPEAL by defendants from *Braswell, J.* Orders entered 25 October 1977 in Superior Court, HARNETT County. Heard in the Court of Appeals 18 October 1978.

Plaintiffs petitioned for the adjudication of the true boundary line between their property and defendants' property. Defendants filed answer and claimed part of plaintiffs' land by adverse possession. The case was calendared for trial in February, March and June of 1977 and continued each time at defendants' request. According to plaintiffs' uncontradicted testimony, as well as that of the Clerk of Superior Court for Harnett County, when the case was called in June defendant Alex Harrington was told by the court that the case would be tried at the August term.

The case was calendared for the 29 August session, and defendants received a copy of the trial calendar. On 27 August, defendants received another trial calendar indicating that the action was tentatively calendared for trial during the week of 26 September. It apparently is the practice in Harnett County, and common knowledge among the attorneys there, to calendar a case tentatively for a second session in case it is not reached at the first calendared session.

The matter was heard in the 29 August session, but defendants did not appear. Judgment for plaintiffs was entered in open court on 1 September, signed on 9 September, and filed on 12 September. On 21 September, defendants gave notice of appeal. Plaintiffs moved to dismiss the appeal as not timely entered, and defendants moved to set aside the judgment and for a new trial. After a hearing on both parties' motions, the trial court granted plaintiffs' motion to dismiss the appeal; defendants' motions were denied. From these orders defendants appeal.

*Morgan, Bryan, Jones, Johnson, Hunter & Greene, by Robert C. Bryan, for plaintiff appellees.*

*Mast, Tew, Nall & Moore, P.A., by Joseph T. Nall, for defendant appellants.*

ARNOLD, Judge.

[1] Defendants first contend that their failure to appear in court on 29 August was excusable neglect, induced by the confusion of receiving two trial calendars with their case calendared for two different months. They argue that it was reasonable for them to assume that the September calendar "extinguished" the August one, and they seek relief under G.S. 1A-1, Rule 60(b)(1) from the judgment entered against them.

We find that defendants' failure to appear at the August session was not excusable neglect. We note initially that relief under Rule 60(b) is within the discretion of the trial court, and such a decision will be disturbed only for an abuse of discretion. *Burwell v. Wilkerson*, 30 N.C. App. 110, 226 S.E. 2d 220 (1976). It is clear that the trial court's decision here comports with numerous North Carolina cases on the same topic. *See, e.g., Baer v. McCall*, 212 N.C. 389, 193 S.E. 406 (1937); *Mason v. Mason*, 22 N.C. App. 494, 206 S.E. 2d 764 (1974); *Engines & Equipment, Inc. v. Lipscomb*, 15 N.C. App. 120, 189 S.E. 2d 498 (1972); *Holcombe v. Bowman*, 8 N.C. App. 673, 175 S.E. 2d 362 (1970). "A lawsuit is a serious matter. He who is a party to a case in court 'must give it that attention which a prudent man gives to his important business.'" *Pepper v. Clegg*, 132 N.C. 312, 315, 43 S.E. 906, 907 (1903). The record indicates that defendants were told in June by the trial court itself that the case would be tried in August. Moreover, any confusion brought about by the receipt of the two trial calendars could have been cleared up by a simple phone call to the clerk of court. It is apparent that defendants did not deal with this case as one would an important business matter.

[2] We also reject defendants' contention that their appeal of the original judgment was improperly dismissed. In the order dismissing the appeal, the trial court found as fact that judgment was rendered and entered in the court minutes on 1 September 1977, signed by the judge on 9 September, and filed on 12 September. Defendants filed appeal entries on 21 September. Under Rule 3(c) of the Rules of Appellate Procedure, "appeal from a judgment or order in a civil action or special proceeding must be taken within 10 days after its entry." The trial court found that more than 10 days had elapsed between the entry of judgment and the notice of appeal, and dismissed the appeal.

Defendants argue that this Court should consult the Federal Rules of Civil Procedure for assistance in defining "entry of judgment." They insist that the federal requirement that "every judgment shall be set forth on a separate document," FRCP Rule 58, should be read into our Rule 58. However, G.S. 1A-1, Rule 58 clearly defines an entry of judgment: "where judgment is rendered in open court, the clerk shall make a notation in his minutes . . . and such notation shall constitute the entry of judgment for the purposes of these rules." We need not look outside our rules to expand the definition. Here, judgment was entered on 1 September and notice of appeal was given on 21 September. As the 10-day period was exceeded, the appeal was properly dismissed.

The orders of the trial court are

Affirmed.

Judges CLARK and ERWIN concur.