IN THE MATTER OF: OXFORD PLASTICS, A DIVISION OF PLASTICS ENGINEERING CORP. v. MARION GOODSON, JR., ANDREW WHITLEY AND McTHADEUS CARPENTER D/B/A WHITLEY TELEPHONE DEVICES

No. 849SC748

(Filed 16 April 1985)

1. **Rules of Civil Procedure § 60.2— failure to appear—trial calendar not received**

On a Rule 60 motion for relief from a judgment, a reasonable application of Rule 60(b)(6) requires that defendants be excused from trial where the court's finding that defendant's general counsel and partner received notice of the calendar was not supported by any evidence in the record, which clearly established that the trial calendar was never received.

2. **Rules of Civil Procedure § 60.2; Partnership § 4— meritorious defense—agreement signed individually rather than in partnership name**

On a Rule 60 motion for relief from a judgment, defendants presented a meritorious defense to plaintiff's civil action where defendants' partnership entered into a contract with plaintiff; a check from defendants' partner and general counsel, Goodson, was returned for insufficient funds; plaintiff's general manager subsequently met with another of the defendants and forwarded two documents proposing certain modifications and price adjustments, including the cessation of production until the adjusted balance was paid; defendant never signed the documents; and Goodson entered into a written agreement with plaintiff which included plaintiff's agreement to have criminal charges for the returned check dismissed and which confirmed the earlier unsigned documents, but Goodson signed his individual name and not the partnership name. G.S. 59-39(a).

Chief Judge HEDRICK concurs in the result.

APPEAL by defendants from *Clark, Judge*. Judgment entered 18 January 1984 in GRANVILLE County Superior Court. Heard in the Court of Appeals 11 March 1985.

This case arises from denial of defendants' motion for relief from and stay of a judgment entered by the Granville County Superior Court. The facts pertinent to this appeal are as follows.

On 2 March 1981, defendants' agent, in the partnership name, entered into a contract with plaintiff to design and build an injection mold and progressive dyes necessary for production of telephone number display devices for $13,900; one-third down, one-third upon delivery and one-third upon acceptance of parts. Plaintiff agreed to produce and assemble the telephone device at a cost of $370 per thousand. In accepting the contract, defendants'

agent acknowledged that design changes could be necessary requiring renegotiation of the contract.

Several design changes were made orally by defendants. Plaintiff requested an additional payment of $5,000 and defendant Goodson issued his check for $5,000, but the check was returned for non-sufficient funds. On 23 April 1982, plaintiff wrote defendant Whitley, co-partner, confirming his visit to their facility. In two accompanying documents, plaintiff proposed modification of the price for impact mold, dyes, and battery holder development to $21,650, less the $4,634 previously paid, leaving a balance of $17,016. Plaintiff offered to continue product development under the contract when the entire adjusted purchase price was paid by check and it had cleared payment. A new unit pricing schedule was proposed and plaintiff agreed to deliver 100 sample devices upon payment. The letters proposing modifications of the original contract were to be signed by defendant Whitley, in the partnership name, but were never executed by him.

In September 1982, defendant Goodson, an attorney then licensed in the State of North Carolina, delivered another $5,000 check to plaintiff to replace his previous check returned for non-sufficient funds. Goodson also signed a written agreement in which he acknowledged that plaintiff would not be obligated to proceed with the production of the telephone devices until the $17,016 was paid in full to plaintiff in accordance with its letters to defendant Whitley. Defendant Goodson's check was honored, leaving an unpaid purchase price of $12,016.

Plaintiff instituted a civil action on 1 March 1983 to recover the $12,016 alleged due on the revised contract. Defendant Goodson, as attorney for the partnership, filed an answer denying the complaint's material allegations and counterclaimed for lost profits due to plaintiff's alleged delay in production. On 2 December 1983, the Clerk of the Granville County Superior Court mailed Goodson a notice that a trial calendar meeting would be held on 13 December. Goodson did not attend the trial calendar conference and the case was scheduled for the 16 January 1984 session of superior court. On 14 December 1983 a trial calendar was mailed to defendant Goodson. In March 1984 both letters were returned to the Granville County Superior Court with notations

that the addressee had moved and had left no forwarding address.

On 18 January 1984, the civil action was called for trial, but none of the defendants appeared. The trial court took evidence without a jury and entered a judgment awarding plaintiff the relief requested in the complaint, and dismissing defendants' counterclaim for lack of evidence and failure to prosecute.

Defendants Whitley and Carpenter filed a motion for relief from and stay of the judgment entered against them. From a denial of their motion, defendants appealed.

*Watkins, Finch & Hopper, by William L. Hopper, for plaintiff.*

*Edmundson & Catherwood, by John W. Watson, Jr., for defendants.*

WELLS, Judge.

Defendants bring forth two assignments of error in which they contend that the trial court erred in denying their motion for relief from the 18 January 1984 judgment by (1) finding that defendants had not shown excusable neglect and (2) finding that defendants had failed to produce evidence of a meritorious defense. For the reasons stated below we reverse the trial court's order.

Relief from a judgment or order may be granted by the trial court "[o]n motion and upon such terms as are just" when there has been a

> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) of the Rules of Civil Procedure. "If a movant is uncertain whether to proceed under clause (1) or (6) of Rule 60(b), he need not specify [which subsection] . . . if his motion is timely and the reason justifies relief. . . . Under either clause the movant must show that he has a meritorious defense,"

*Sides v. Reid*, 35 N.C. App. 235, 241 S.E. 2d 110 (1978) (citations omitted); *see generally* 7 Moore's Federal Practice § 60.27(1) (2d ed. 1983); W. Shuford, *N.C. Civ. Prac. & Proc.* § 60-11 (2d ed. 1981 & Supp. 1984), as it would be a waste of judicial economy to vacate a judgment or order when the movant could not prevail on the merits of the civil action. *Doxol Gas v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971). The motion for relief from a judgment or order made pursuant to Rule 60(b) is within the sound discretion of the trial court, *e.g., Harris v. Harris*, 307 N.C. 684, 300 S.E. 2d 369 (1983), and the trial court's decision will not be disturbed absent an abuse of that discretion, *e.g., Harrington v. Harrington*, 38 N.C. App. 610, 248 S.E. 2d 460 (1978). The court's findings of fact are conclusive on appeal when there is any competent evidence supporting the findings.

When relief is sought under Rule 60(b)(1), the trial court first determines if there has been a mistake, inadvertence, surprise, or excusable neglect. Whether the facts found constitute excusable neglect or not is a matter of law and reviewable on appeal, *Doxol Gas v. Barefoot, supra; Mason v. Mason*, 22 N.C. App. 494, 206 S.E. 2d 764 (1974), when the trial court's findings are made under a misapprehension of the law, and when the findings are insufficient to support the trial court's conclusion of law. *Dishman v. Dishman*, 37 N.C. App. 543, 246 S.E. 2d 819 (1978); *Mason v. Mason, supra.* If the motion does not allege factual allegations corresponding to the specific situations contemplated in clauses (1) through (5), subsection (6) serves as a "grand reservoir of equitable power" by which a court may grant relief from an order or judgment. *Equipment Co. v. Albertson*, 35 N.C. App. 144, 240 S.E. 2d 499 (1978). The expansive test by which relief can be given under subsection (6) is whether "(1) extraordinary circumstances exist and (2) there is a showing that justice demands it." *Baylor v. Brown*, 46 N.C. App. 664, 266 S.E. 2d 9 (1980). Trial courts are to consider:

> [T]he general desirability that a final judgment not be lightly disturbed, . . . where relief is sought from a judgment of dismissal or default, the relative interest of deciding cases on the merits and the interest in orderly procedure, . . . the opportunity the movant had to present his claim or defense, and . . . any intervening equities.

*Id.* (quoting *Equipment Co. v. Albertson, supra*).

The trial court, after determining if movants have shown grounds for relief under subsection (1) or (6), next considers whether the movant has demonstrated a meritorious defense. The court:

> [S]hould determine whether the movant has, in good faith, presented by his allegations, *prima facie*, a valid defense. . . . 'Where a party, in good faith, shows facts which raise an issue sufficient to defeat his adversary, if it be found in his favor, it is for the jury to try the issue and not for the judge, who merely finds whether on their face the facts show a good defense in law; otherwise, the defendant, though he establish ever so clear a case of excusable neglect entitling him to have the judgment set aside, would be deprived of the right of trial by the jury of the issue thus raised.' . . .

*Bank v. Finance Co.*, 25 N.C. App. 211, 212 S.E. 2d 552 (1975) (citations omitted) (emphasis in original); *see also Wynnewood Corp. v. Soderquist*, 27 N.C. App. 611, 219 S.E. 2d 787 (1975). While *Bank* involved a motion for relief under Rule 60(b)(1), the principles established for determining the existence of a meritorious defense would also be applicable to subsection (6).

[1] In the case before us, the court made the following findings of fact:

> 1. That the defendant, Marion Goodson, Jr., who was formerly counsel of record for the parties in this matter, and who was a party defendant hereto, received notice of the calendaring of this action for the January 16, 1984 term of Granville County Civil Superior Court.

> 2. That the defendant, Marion Goodson, Jr., was a general partner along with McThadeus Carpenter and Andrew Whitley in the partnership known as Whitley Telephone Devices and that notice to one partner of the calendaring of this matter for trial during the January 16, 1984 term of Granville County Civil Superior Court, constitutes notice to all of the partners.

The court's finding of fact that Marion Goodson "received" notice of the court calendar is not supported by any evidence in the rec-

ord, which clearly establishes that Goodson never received the trial calendar mailed to him in accordance with Rule 2(b) of the General Rules of Practice of the Superior and District Courts. We hold that under these circumstances, a reasonable application of the provisions of Rule 60(b)(6) require that defendants be excused from attendance at trial, and, if defendants have shown a meritorious defense, require reversal of the trial court's judgment.

[2] The trial court found and concluded that movants' allegations did not present a meritorious defense to plaintiff's civil action. Movants contend that their pleadings and affidavits present a meritorious defense because Goodson's actions were not authorized by the partnership and they were unaware of Goodson's actions. The record before us reveals that the partnership entered into a contract with plaintiff on 2 March 1981 in which the latter agreed to design and produce production molds and progressive dyes for the partnership, who agreed to pay one-third of the purchase price with the contract, one-third upon delivery, and one-third on acceptance. Subsequently, defendants requested design modifications and plaintiff required further payment. After Goodson's check for $5,000 was returned for non-sufficient funds, Whitley met with David Ratcliff, plaintiff's general manager, on 13 April 1982. As a result, Ratcliff forwarded two documents to Whitley proposing certain modifications in the original contract; price adjustments, cessation of production until the adjusted balance of $17,016 was paid, and delivery of 100 sample units within sixty days after payment of the adjusted contract price. Whitley never signed the documents and, in his affidavit, he stated that he "did not execute and return the letter to signify my agreement."

On 8 September 1982, Goodson entered into a written agreement with plaintiff in which plaintiff agreed to have criminal charges for the check returned for non-sufficient funds dismissed when Goodson's second check for $5,000 had cleared the bank. Goodson agreed to hold plaintiff harmless for having instituted the criminal prosecution, and confirmed that plaintiff would not be responsible for proceeding with production of the telephone devices until the adjusted balance of $17,016 had been paid in accordance with Ratcliff's letters to Whitley. Goodson signed the contract in his individual name, not in the partnership name.

N.C. Gen. Stat. § 59-39(a) provides:

> (a) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

*Brewer v. Elks*, 260 N.C. 470, 133 S.E. 2d 159 (1963) makes it clear that in order for a written instrument to be binding on a partnership, the instrument must be executed in the partnership name and that where the instrument was not signed in the partnership name, as was the case here, the burden would be on plaintiff to show that defendants Whitley and Carpenter authorized Goodson to modify the original agreement. *See also Bank v. Wallens*, 31 N.C. App. 721, 230 S.E. 2d 690 (1976). We hold that defendants presented a *prima facie* defense.

For the reasons stated, the judgment of the trial court must be vacated and the cause remanded for trial on the merits.

Vacated and remanded.

Judge MARTIN concurs.

Chief Judge HEDRICK concurs in the result.