KBT Realty Servs., Inc. v. AppyCity, LLC, 2021 NCBC 62.

STATE OF NORTH CAROLINA

NEW HANOVER COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 4416

KBT REALTY SERVICES, INC., a
North Carolina Corporation;
MYREALTYAPP, INC., a North
Carolina Corporation; and TODD
HEADLEY,

                Plaintiffs,

v.

APPYCITY, LLC, a North Carolina
Limited Liability Company; TIMOTHY
S. FIELDS; and MELISSA M. CRETE,

                Defendants.

**ORDER AND OPINION ON
PLAINTIFFS' MOTION FOR
RECONSIDERATION,
RELIEF FROM ORDER, AND
TO CLARIFY ORDER**

1.    **THIS MATTER** is before the Court on Plaintiffs' Motion for Reconsideration, Relief from Order, and to Clarify Order filed by Plaintiffs KBT Realty Services, Inc. ("KBT"), MyRealtyApp, Inc. ("MyRealty"), and Todd Headley ("Headley") (collectively "Plaintiffs") on 8 September 2021 (the "Motion"). (ECF No. 49 ["Mot."].) For the reasons set forth herein, the Court **GRANTS in part** and **DENIES in part** the Motion.[1]

> *Law Offices of G. Grady Richardson, Jr., P.C., by G. Grady Richardson, Jr. and Jennifer L. Carpenter, for Plaintiffs KBT Realty Services, Inc., MyRealtyApp, Inc., and Todd Headley.*

---

[1] The Court decides the Motion without a hearing as permitted by Rule 7.4 of the North Carolina Business Court Rules ("BCR").

*Defendants AppyCity, LLC, Timothy S. Fields, and Melissa M. Crete did not participate in the briefing on this Motion.[2]*

Robinson, Judge.

2.      The Motion, filed pursuant to Rule 60 of the North Carolina Rules of Civil Procedure (the "Rule(s)"), follows the Court's entry on 9 August 2021 of an Order and Opinion granting default judgment (the "Default Judgment") in favor of Plaintiffs and against Defendants AppyCity, LLC ("AppyCity"), Timothy S. Fields ("Fields"), and Melissa M. Crete ("Crete") (together, "Defendants"). (Order and Opinion Pls.' Mot. Default J., ECF No. 47 ["Default J."].)

3.      In the Default Judgment, the Court granted monetary relief for each of the Plaintiffs[3] jointly and severally against each of the three Defendants. (Default J.) By its express terms, the Default Judgment was immediately effective with respect to the award of damages against AppyCity because service of process was obtained against that defendant by certified mail. (Default J. 16 n.9.) However, because Fields and Crete (collectively, the "Individual Defendants") were served by publication, the Default Judgment provided that each Plaintiff must post a bond, as expressly

---

[2] North Carolina Rule of Civil Procedure 5 states that "no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." It appears that, consistent with Rule 5, Plaintiffs did not serve Defendants with the Motion or their brief in support.

[3] In addition to KBT, MyRealty, and Headley, Kirkland E. Pugh, Janine N. Pugh, and Tyson Emery were also originally named as plaintiffs in this action. Due to their failure to produce evidence of actual damages, the Court denied these individuals' motion for default judgment against Defendants. (Default J.)

required by N.C. Gen. Stat. § 1A-1, Rule 55(c), before seeking to collect on the judgment awards against these Individual Defendants.[4] (Default J. 16 n.9.)

4. Plaintiffs bring the Motion pursuant to Rule 60 and request that the Court reconsider its prior order. Plaintiffs state that relief is warranted under Rule 60(b)(6). (Mem. Supp. 3.) "[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court[.]" *Sink v. Easter*, 288 N.C. 183, 198 (1975).

5. The Court will not reconsider its prior order under Rule 60(b)(6) except in extraordinary circumstances and with a showing by the moving party that justice demands the relief requested. *Standard Equip. Co. v. Albertson,* 35 N.C. App. 144, 147 (1978); *Baylor v. Brown,* 46 N.C. App. 664, 670 (1980); *see also* G. Gray Wilson, North Carolina Civil Procedure, § 60-11 (Matthew Bender, 4th Ed. 2020) (Under Rule 60(b)(6), "the court should not act . . . except in extraordinary circumstances and upon a showing that justice demands that relief be granted. Such a showing must be based on competent evidence.").

6. The Motion seeks clarification of the provisions of the Default Judgment, a substantial reduction or elimination of the bonds required of Plaintiffs, and clarification of the bonds' required duration.

---

[4] Plaintiffs contend that it is not clear from the Default Judgment whether the judgment against AppyCity was immediately effective or became effective only upon Plaintiffs' posting of the required bonds for the judgments granted against Fields and Crete. (Pls.' Mem. Supp. Mot. Reconsider., Relief from Order and Clarify Order 6–7, ECF No. 50 ["Mem. Supp."].) Although the Court finds the Default Judgment clear on this point, to avoid any confusion, the Court makes clear through this Order that the judgment awarded against AppyCity in favor of each of the three Plaintiffs was immediately effective upon issuance of the Default Judgment, and remains so, regardless of whether Plaintiffs post the bonds required for entry of the default judgments awarded against the Individual Defendants.

7.    When, as is the case with Fields and Crete, "service of the summons has been made by published notice, no judgment shall be entered on default until the plaintiff shall have filed a bond, approved by the court, conditioned to abide such order as the court may make . . . in case a defense is thereafter permitted and sustained." N.C.G.S. § 1A-1, Rule 55(c).

8.    The plain language of Rule 55(c), therefore, requires that Plaintiffs post a bond prior to entry of a default judgment against each Defendant, and Plaintiffs do not argue otherwise. (*See* Mem. Supp.) Plaintiffs did not offer evidence or argument in seeking the Default Judgment concerning an appropriate bond under the applicable statute, (*see* Br. Supp. Pls.' Mot. Default J., ECF No. 38), and offer no evidence now to support their contention that the Court's required bonds are inequitable or unreasonable. (*See* Mem. Supp.)

9.    The Court carefully considered the competing interests of Plaintiffs, on one hand, and Fields and Crete, on the other, in setting the amount of the bonds to be posted as required by Rule 55(c). The Court concluded based on the record before it, and in its discretion, that a bond should be posted by each Plaintiff representing one-half of the amount of the awarded judgment against Fields and Crete. (Default J.) The Court has been presented no principled argument for a reduction in those amounts. (*See* Mem. Supp.) Therefore, to the extent the Motion seeks a reduction in the amount of the bonds to be posted by Plaintiffs, the Motion is **DENIED**. The

amounts set forth in paragraph 52.f. of the Default Judgment shall remain unchanged.[5] (Default J. 16.)

10. To the extent the Default Judgment may not be clear or sufficiently specific as to the amount of the bonds, conditions of the bonds, or length of time the bond shall remain in effect, the Court provides the following additional direction and guidance.[6]

11. First, the bonding requirement set forth in the Default Judgment applies individually and separately as to each Plaintiff. As a result, it is possible that one Plaintiff may post the required bond, rendering that Plaintiff's default judgment immediately effective against the Individual Defendants and permitting that Plaintiff to pursue execution, while another Plaintiff elects not to post a bond, foregoing execution.

12. Once a Plaintiff posts their required bond amount, that Plaintiff may execute on the judgment against either or both of the Individual Defendants. That is to say, each Plaintiff is not required to post their required bond amount twice, each

_____

[5] In their Memorandum in Support, Plaintiffs imply that, to comply with the Default Judgment's bond provision, they must deliver cash to the Clerk of Superior Court in the amounts set forth in the Default Judgment ($61,500 by KBT, $69,600 by MyRealty, and $78,000 by Headley). (Mem. Supp. 4.) While Plaintiffs may indeed post a bond by this method, Plaintiffs have presented no evidence or legal basis for concluding that depositing cash is the only way of satisfying the bonding requirement.

[6] Plaintiffs contend that the underlying purpose of Rule 55(c) is not implicated here because at least one of the Individual Defendants (Fields) had actual notice of the lawsuit and participated in the hearing on the motion for default judgment. (Mem. Supp. 5.) During the hearing, Fields, a *pro se* party, indicated that he had never been properly served with the summons or complaint and that, to the extent Plaintiffs attempted to serve him (and presumably Crete as well) by publication in a North Carolina periodical publication, the Individual Defendants had physically relocated their residence to another state prior to Plaintiffs' attempted service by this means. The Court believes that there is sufficient uncertainty about the existence of a potential valid defense to service by publication to justify the imposition of bonds to protect the Individual Defendants.

Plaintiff only must post one bond to execute on the judgment against either of the Individual Defendants.

13. Additionally, a bond, once posted, shall remain in place until the judgment is satisfied or, in response to a subsequent motion filed pursuant to Rule 55(c) and in conformity with the requirements set forth in the Business Court Rules seeking a reduction or modification of the bond for good cause shown, the Court enters an order modifying the amount of the bond required.

14. THEREFORE, it is hereby ORDERED, as set forth hereinabove, that:

a. Plaintiffs may proceed with collection against AppyCity without posting a bond or other security;

b. Prior to executing on the judgment awarded in KBT's favor against either Fields or Crete, KBT must post a single bond with the New Hanover County Clerk of Superior Court in the amount of $61,500.00;

c. Prior to executing on the judgment awarded in MyRealty's favor against either Fields or Crete, MyRealty must post a single bond with the New Hanover County Clerk of Superior Court in the amount of $69,600.00;

d. Prior to executing on the judgment awarded in Headley's favor against either Fields or Crete, Headley must post a single bond with the New Hanover County Clerk of Superior Court in the amount of $78,000.00;

e. Any bond posted as referred to in paragraphs 14. b., c., or d. immediately above shall remain in place for so long as the judgment in question

remains in force and enforceable (in other words uncollected in whole or part), or until otherwise ordered by the Court; and

f.  Any Plaintiff may seek termination or reduction of the bond posted by that Plaintiff for good cause shown in a motion filed with the Court pursuant to Rule 55(c) and in conformity with the Business Court Rules.

**SO ORDERED**, this the 30th day of September, 2021.

/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases